**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* ______ Chapter **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/20**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Connections Community Support Programs, Inc.** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **Connections**<br>**CCSP**<br>**Addictions Coalition of Delaware Inc.** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **51-0333030** |

**4. Debtor's address**

**Principal place of business**

**3821 Lancaster Pike**
**Wilmington, DE 19805**
Number, Street, City, State & ZIP Code

**New Castle**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

**5. Debtor's website** (URL)

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

Debtor **Connections Community Support Programs, Inc.** Case number (*if known*)
Name

**7. Describe debtor's business**

A. *Check one:*

- [x] Health Care Business (as defined in 11 U.S.C. § 101(27A))
- [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- [ ] Railroad (as defined in 11 U.S.C. § 101(44))
- [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
- [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
- [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
- [ ] None of the above

B. *Check all that apply*

- [ ] Tax-exempt entity (as described in 26 U.S.C. §501)
- [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- [ ] Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**6222**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11. *Check **all** that apply*:
  - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] A plan is being filed with this petition.
  - [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - [ ] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- [ ] Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- [x] No.
- [ ] Yes.

District ________ When ________ Case number ________
District ________ When ________ Case number ________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- [x] No
- [ ] Yes.

Debtor **Connections Community Support Programs, Inc.** Case number (*if known*)
Name

List all cases. If more than 1, attach a separate list

Debtor ______ Relationship ______
District ______ When ______ Case number, if known ______

**11. Why is the case filed in *this district?***

*Check all that apply:*

- [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [x] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? ______
- [ ] It needs to be physically secured or protected from the weather.
- [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [ ] Other ______

**Where is the property?** ______
Number, Street, City, State & ZIP Code

**Is the property insured?**

- [ ] No
- [ ] Yes. Insurance agency ______
  Contact name ______
  Phone ______

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

- [ ] Funds will be available for distribution to unsecured creditors.
- [x] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| [ ] 1-49 | [ ] 1,000-5,000 | [ ] 25,001-50,000 |
| [ ] 50-99 | [ ] 5001-10,000 | [ ] 50,001-100,000 |
| [ ] 100-199 | [x] 10,001-25,000 | [ ] More than100,000 |
| [ ] 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| [ ] $0 - $50,000 | [ ] $1,000,001 - $10 million | [ ] $500,000,001 - $1 billion |
| [ ] $50,001 - $100,000 | [ ] $10,000,001 - $50 million | [ ] $1,000,000,001 - $10 billion |
| [ ] $100,001 - $500,000 | [x] $50,000,001 - $100 million | [ ] $10,000,000,001 - $50 billion |
| [ ] $500,001 - $1 million | [ ] $100,000,001 - $500 million | [ ] More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| [ ] $0 - $50,000 | [ ] $1,000,001 - $10 million | [ ] $500,000,001 - $1 billion |
| [ ] $50,001 - $100,000 | [ ] $10,000,001 - $50 million | [ ] $1,000,000,001 - $10 billion |
| [ ] $100,001 - $500,000 | [x] $50,000,001 - $100 million | [ ] $10,000,000,001 - $50 billion |
| [ ] $500,001 - $1 million | [ ] $100,000,001 - $500 million | [ ] More than $50 billion |

Debtor **Connections Community Support Programs, Inc.**
Name

Case number (*if known*)

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **April 19, 2021**
MM / DD / YYYY

X /s/ Robert D. Katz
Signature of authorized representative of debtor

**Robert D. Katz**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

X /s/ Mark L. Desgrosseilliers
Signature of attorney for debtor

Date **April 19, 2021**
MM / DD / YYYY

**Mark L. Desgrosseilliers 4083**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 295-0192** Email address **desgross@chipmanbrown.com**

**4083 DE**
Bar number and State

**ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC.**

**April 19, 2021**

In accordance with Section 141(f) of the General Corporation Law of the State of Delaware and the Bylaws of Connections Community Support Programs, Inc. (the "Company"), a Delaware non-profit corporation (the "Company"), the undersigned, constituting all of the members of the Company's Board of Directors (the "Board"), hereby take the following actions and adopt the following resolutions by unanimous written consent (the "Written Consent"):

**RECITALS**

**WHEREAS**, the Board has considered the financial and operational conditions of the Company; and

**WHEREAS**, the Board has reviewed, considered and received the recommendation of senior management of the Company and the advice of the Company's professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a restructuring or sale of the Company's business and assets under title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Board, in consultation with the senior management of the Company and the Company's legal, financial, and other advisors, has determined that it is in the best interests of the Company to explore a potential sale of its assets to one or more potential bidders (the "Sale"); and

**WHEREAS**, the Board has determined that taking the actions set forth below are advisable and in the best interests of the Company and, therefore desires to approve the following resolutions:

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Board has determined in its business judgment that it is in the best interest of the Company, its creditors, and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Petition"), and the filing of such Petition be, and it hereby is, authorized in all respects; and it is

**FURTHER RESOLVED**, that the Company engage EisnerAmper, LLP, to provide Robert D. Katz as the Chief Restructuring Officer (the "CRO") of the Company, and such other personnel as may be required by the Company; and it is

**FURTHER RESOLVED**, that the CRO shall have such duties and responsibilities as set forth in the Engagement Letter with EisnerAmper LLP, dated April 15, 2021 (the "CRO Engagement Letter"), and will report to, and act under the direction, control, and guidance of the Board, subject to removal and/or termination thereby in accordance with the CRO Engagement Letter; and it is

**FURTHER RESOLVED**, the Company and management are hereby authorized and directed to execute retention agreements, to pay retainers prior to, immediately upon, and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain EisnerAmper LLP, and Robert D. Katz as the Company's CRO; and it is

**FURTHER RESOLVED**, that the CRO, and any other officer or person designated by the CRO (collectively, the "Authorized Representatives") hereby are appointed as authorized signatories and representatives in connection with the bankruptcy proceeding authorized herein; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered on behalf of the Company to execute and verify a Petition in the name of the Company under the Bankruptcy Code and to cause the same to be filed, in such form and at such time as the Authorized Representatives shall determine; and it is

**FURTHER RESOLVED**, that the Authorized Representatives, and each of them, with full authority to act without others, hereby is, authorized and directed to obtain postpetition financing and/or use of cash collateral according to the terms negotiated and approved by the Authorized Representatives, including under one or more debtor-in-possession credit facilities in connection with the bankruptcy case of the Company (the "Chapter 11 Case"); and to enter into any guarantees and to pledge and grant liens on the Company's assets as contemplated by or required under the terms of such postpetition financing; and, in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is

**FURTHER RESOLVED,** that the Authorized Representatives, and each of them, with full authority to act without others, hereby is, authorized and directed to work with the Company's advisors to effectuate a sale of substantially all of the Company's assets under section 363 of the Bankruptcy Code; and to file all necessary motions and papers in the United States Bankruptcy Court for the District of Delaware to obtain approval of a sale process, including customary protections for any stalking horse bidder for the Company's assets, according to the terms negotiated and approved by the Authorized Representatives; and, in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is

**FURTHER RESOLVED**, that each Authorized Representative be, and hereby is, authorized, directed, and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to negotiate, execute and deliver on behalf of the Company any agreements, documents and instruments in connection with the sale process or as such Authorized Representatives may deem necessary, advisable, or appropriate, such execution and delivery by any such Authorized Representatives to be conclusive evidence of such authorization and approval; and it is

**FURTHER RESOLVED**, that each Authorized Representative be, and hereby is, authorized, directed, and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to (i) file a motion (the "Bidding Procedures Motion") with the bankruptcy court to request, among other things, the bankruptcy court's approval of (a) the Sale, (b) the

commencement of a marketing and sale process in the Chapter 11 Cases for the Sale (the "Sale Process"), and (c) the bidding procedures associated with the Sale Process, which are attached to the Bidding Procedures Motion (such bidding procedures, in the form approved by the bankruptcy court, the "Bidding Procedures"), including a request for approval of a break-up fee payable to any stalking horse bidder on the terms set forth in a stalking horse agreement and (ii) commence and implement the Sale Process; and it is

**FURTHER RESOLVED**, that each Authorized Representative be, and hereby is, authorized, directed, and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to take any and all other actions as they may deem necessary or advisable to implement the Sale Process as contemplated by the Bidding Procedures; and it is

**FURTHER RESOLVED**, that the Authorized Representatives, and each of them, with full authority to act without others, hereby is, and any employees or agents (including counsel) designated by or directed by such Authorized Representatives, be, and each hereby is, authorized and empowered to cause the Company and such of its affiliates as the CRO deems appropriate to enter into, to execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such Authorized Representative shall be necessary, proper, and desirable to prosecute to a successful completion the Chapter 11 Case, to effectuate the restructuring of the Company's debt, other obligations, and the organizational form and structure of the Company and its subsidiaries consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to negotiate, execute, verify and file, or cause to be executed, verified, and filed (or direct others to do so on their behalf, as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, financial advisors, accountants or other professionals and to take any and all action which such Authorized Representative deems necessary and proper in connection with the bankruptcy case; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed on behalf of and in the name of the Company to employ the law firm of Chipman Brown Cicero & Cole, LLP ("CBCC") as bankruptcy counsel to assist the Company in filing for relief under chapter 11 of the Bankruptcy Code and in carrying out the Company's duties under chapter 11 of the Bankruptcy Code, and the Authorized Representatives of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon, and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain CBCC as the Company's bankruptcy counsel; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed to retain and employ SSG Advisors, LLC ("SSG"), to act as the

Company's investment banker, and the officers of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon, and after the filing of the Chapter 11 Case, and to execute and cause to be filed an application for authority to retain SSG as the Company's investment banker; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed to retain Omni Agent Solutions ("Omni") as claims and noticing agent, and the officers of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain the services of Omni as the Company's claims and noticing agent; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed to retain and employ any other professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Petition, and to execute and cause to be filed an application for authority to retain the services of such firms; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered for and in the name and on behalf of the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered, in the name and on behalf of the Company to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and when necessary or appropriate, file or cause to be filed with the appropriate governmental authorities or otherwise, all such further agreements, documents, reports, certificates, and undertakings and any amendments, supplements, or modifications thereto; and to incur and to pay all such fees and expenses and to engage such persons as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers, or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by any officer or the Board in connection with the bankruptcy case, including, without limitation, obtaining financing or obtaining authorization to use cash collateral pursuant to a budget, or any further action to seek relief on behalf of the Company under the Bankruptcy Code, or in connection with the bankruptcy case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that facsimile or photostatic copies of any signature to these resolutions shall be deemed to be originals and may be relied on to the same extent as the originals.

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board hereby consent to and approve and adopt these resolutions as of the date set forth below and direct that this Written Consent be filed with the minutes of the proceedings of the Board.

Signed this 19th day of April, 2021.

/s/ *J. William Bowelsby*
J. William Bowelsby

*/s/ Carolyn Morgan*
Carolyn Morgan

*/s/ Gloria Godson*
Gloria Godson

*/s/ Utma Taku*
Utma Taku

**Fill in this information to identify the case:**

Debtor name Connections Community Support Programs, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): ____________

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, andemail address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | TD BANK, N.A.<br>2035 LIMESTONE ROAD<br>WILMINGTON, DE 19808 | Phone: (302) 351-4560 | PPP Loan | Contingent | | | $12,000,000.00 |
| 2 | WILMINGTON SAVINGS FUND SOCIETY, FSB<br>500 DELAWARE AVENUE<br>WILMINGTON, DE 19801 | Phone: (302) 504-9857 | Bank Loan | | $8,931,385.41 | Unknown | Unknown |
| 3 | BAYHEALTH MEDICAL CENTER<br>640 S. STATE STREET<br>DOVER, DE 19901 | Phone: (302) 674-4700 | Trade Debts | | | | $2,243,455.50 |
| 4 | CHRISTIANA CARE HEALTH SERVICE<br>200 HYGEIA DRIVE<br>NEWARK, DE 19713 | Phone: (302) 623-0151 | Trade Debts | | | | $1,990,314.87 |
| 5 | GALLAGHER BASSETT SERVICES INC.<br>2850 GOLF ROAD<br>ROLLING MEADOWS, IL 60008 | Phone: (800) 588-0619 | Professional Services | | | | $533,403.30 |
| 6 | VISTAPHARM, INC.<br>630 CENTRAL AVENUE<br>NEW PROVIDENCE, NJ 07974 | Phone: (205) 981-1387 | Trade Debts | | | | $360,080.00 |
| 7 | WEINER BENEFITS GROUP<br>2961 CENTERVILLE ROAD, SUITE 300<br>WILMINGTON, DE 19808 | Phone: (302) 658-0218<br>Facsimile: (302) 998-4590<br>Email:<br>info@weinerbenefitsgroup.com | Trade Debts | | | | $314,221.29 |
| 8 | SYSCO EASTERN MARYLAND<br>33239 COSTEN ROAD<br>POCOMOKE, MD 21851 | Phone: (410) 677-5799 | Trade Debts | | | | $294,010.92 |
| 9 | BAYSHORE FORD<br>4003 N. DUPONT HWY<br>NEW CASTLE, DE 19720 | Phone: (302) 656-3160 | Trade Debts | | | | $293,097.25 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, andemail address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | ARTHUR HALL INSURANCE<br>101 E CHESTNUT ST<br>WEST CHESTER, PA 19380 | Phone: (610) 696-2394<br>Facsimile: (610) 436-9675 | Trade Debts | | | | $245,366.73 |
| 11 | QUEST DIAGNOSTICS<br>500 PLAZA DRIVE<br>SECAUCUS, NJ 07094 | Phone: (800) 347-7741 | Trade Debts | | | | $203,353.69 |
| 12 | MEDICAL ONCOLOGY HEMATOLOGY CO<br>4701 OGLETOWN STANTON ROAD STE 3400<br>NEWARK, DE 19713-2055 | Phone: (302) 366-1200<br>Facsimile: (302) 366-1700 | Trade Debts | | | | $176,798.68 |
| 13 | CARROLL PROPERTIES, LLC<br>C/O EMORY HILL REAL ESTATE SERVICES, INC.<br>10 CORPORATE CIR #100<br>NEW CASTLE, DE 19720 | Phone: (302) 322-9500<br>Facsimile: (302) 322-9518<br>Email: emoryhill@emoryhill.com | Trade Debts | | | | $138,838.12 |
| 14 | QUALIFACTS<br>315 DEADERICK ST, SUITE 2300<br>NASHVILLE, TN 37238 | Phone: (615) 386-6755<br>Facsimile: (615) 386-1225 | Trade Debts | | | | $122,808.30 |
| 15 | DRUMMOND PLAZA ASSOCIATES<br>C/O FIN. & CONSULTING SVCS. INC.<br>2126 W NEWPORT PIKE, STE 200<br>WILMINGTON, DE 19804 | Phone: (302) 633-9134 | Trade Debts | | | | $117,829.91 |
| 16 | FIRST STATE SURGERY CENTER LLC<br>1000 TWIN "C" LANE, SUITE 200<br>NEWARK, DE 19713 | Phone: (302) 683-0700 | Trade Debts | | | | $115,366.18 |
| 17 | AMERICAN LEGION AMBULANCE<br>71 OMEGA DRIVE, BLDG. D<br>NEWARK, DE 19713-2063 | Phone: (302) 283-3300<br>Facsimile: (302) 283-3321<br>Email: info@dmms.us | Trade Debts | | | | $92,496.80 |
| 18 | NATIONAL EYE CARE<br>2264 SARANAC AVENUE<br>LAKE PLACID, NY 12946 | Mark R. Maxon, O.D. CEO<br>Email: mmaxon@nationaleyecare.com<br>Phone: (518) 302-5578<br>Facsimile: (518) 302-5588 | Trade Debts | | | | $91,190.62 |
| 19 | MEDLINE INDUSTRIES, INC.<br>1 THREE LAKES DR.<br>NORTHFIELD, IL 60093 | Phone: (800) 388-2147<br>Facsimile: (847) 837-2765<br>Email: finance@medline.com | Trade Debts | | | | $82,091.45 |
| 20 | VERIZON WIRELESS<br>1095 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 | Phone: (212) 395-1000 | Trade Debts | | | | $79,717.98 |
| 21 | WHISMAN, GIORDANO & ASSOCS, LLC<br>111 CONTINENTAL DRIVE #210<br>NEWARK, DE 19713 | Phone: (302) 266-0202<br>Facsimile: (302) 266-7070 | Professional Services | | | | $72,836.00 |
| 22 | PRE HOLDING II, LLC<br>1504 N. BROOM STREET, SUITE 3<br>WILMINGTON, DE 19806 | | Trade Debts | | | | $72,832.62 |

Debtor Connections Community Support Programs, Inc.
Name

Case number (if known)____________________

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | MCKESSON MEDICAL SURGICAL<br>9954 MAYLAND DRIVE, SUITE 4000<br>RICHMOND, VA 23233 | Phone: (855) 571-2100 | Trade Debts | | | | $71,408.56 |
| 24 | BEEBE MEDICAL GROUP<br>424 SAVANNAH RD<br>LEWES, DE 19958 | Phone: (302) 645-3300 | Trade Debts | | | | $70,035.34 |
| 25 | ELMS HOLDING COMPANY, LLC<br>1504 NORTH BROOM STREET<br>SUITE 3<br>WILMINGTON, DE 19806 | | Trade Debts | | | | $68,045.92 |
| 26 | BAYHEALTH MEDICAL GROUP<br>640 SOUTH STATE STREET<br>DOVER, DE 19901 | Phone: (302) 674-4700 | Trade Debts | | | | $67,697.25 |
| 27 | INFINITY SEARCH GROUP<br>761 W. SPROUL ROAD #103<br>SPRINGFIELD, PA 19064 | Phone: (610) 325-9461<br>Facsimile: (610) 325-0220<br>Email: info@infinitysg.com | Trade Debts | | | | $66,016.67 |
| 28 | DEL LAWN LLC<br>207 JACKSON BLVD<br>WILMINGTON, DE 19803 | Phone: (302) 475-1184 | Trade Debts | | | | $65,044.00 |
| 29 | MOBILEXUSA<br>930 RIDGEBROOK ROAD<br>SPARKS GLENCOE, MD 21152 | | Trade Debts | | | | $63,605.22 |
| 30 | ITDATA INC,<br>8 PENN CENTER<br>1628 J.F.K BLVD STE 2110<br>PHILADELPHIA, PA 19103 | Phone: (800) 883-5413 | Trade Debts | | | | $60,600.00 |

**Fill in this information to identify the case:**

Debtor name **Connections Community Support Programs, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) ______

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ______
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ______

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **April 19, 2021**

X /s/ Robert D. Katz
Signature of individual signing on behalf of debtor

**Robert D. Katz**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor



Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com Best Case Bankruptcy