# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., | Case No. 21-10723 (MFW) |
| Debtor.[1] | Related Docket No. 3 |

## ORDER AUTHORIZING RETENTION AND APPOINTMENT OF OMNI AGENT SOLUTIONS AS CLAIMS AND NOTICING AGENT *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application (the "**Application**")[2] of the Debtor for an Order Appointing Omni Agent Solutions as Claims and Noticing Agent for the Debtor *nunc pro tunc* to the Petition Date, pursuant to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), Bankruptcy Rule 2002(f) and Local Rule 2002-1(f), as more particularly set forth in the Application, the Engagement Agreement, the Deutch Declaration, and the First Day Declaration; and the Court having found that the relief requested is in the best interests of the Debtor's estate, its creditors, and all other parties-in-interest; and the Court having found that due and sufficient notice of the Application was provided; and the Court having found that it has jurisdiction to consider the Application and grant the relief requested therein; and the Court having reviewed the Application and having determined that the legal and factual bases set forth therein establish just cause for the relief requested, and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its tax identification number, is as follows: Connections Community Support Programs, Inc. (3030). The address of the Debtor's corporate headquarters is 3812 Lancaster Pike, Wilmington, Delaware 19805.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

2. The Debtor shall be, and hereby is, authorized to retain and employ Omni as claims and noticing agent, *nunc pro tunc* to the Petition Date, and to perform the services set forth in the Application (the "**Services**") in accordance with the terms and conditions set forth in the Engagement Agreement and Local Rule 2002-1(f) as of the Petition Date.

3. Except as modified herein, the terms of the Engagement Agreement are approved.

4. Omni shall serve as custodian of court records and, as such, is designated as the authorized repository for all proofs of claim filed in this Chapter 11 Case and is authorized and directed to maintain the official claims register for the Debtor.

5. Omni is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. Omni is authorized to take such other action as necessary to comply with all duties set forth in the Application.

7. The Debtor is authorized to compensate Omni in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the Services provided by Omni and the rates charged for each, and to reimburse Omni for all related reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, and subject to the procedures set forth below, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its Services and reimbursement of its related expenses.

8. Omni shall maintain records of all Services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtor, the Office of the United States Trustee, counsel for the Debtor, counsel for any official committee, if any, monitoring the expenses of the Debtor, and any party-in-interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Omni under this Order shall be an administrative expense of the Debtor's estate.

11. Omni's application of its retainer to prepetition invoices is hereby approved and such retainer shall be replenished and held under the Engagement Agreement during this Chapter 11 Case as security for the payment of fees and expenses incurred under the Engagement Agreement from and after the Petition Date.

12. Omni shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of Omni's contractual obligations if the Court determines that indemnification contribution or reimbursement

would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Omni should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this case, Omni believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, Omni must file an application therefor in this Court, and the Debtor may not pay any such amounts to Omni before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Omni for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Omni. All parties-in-interest shall retain the right to object to any demand by Omni for indemnification, contribution, or reimbursement.

15. Omni shall not cease providing claims processing services during the case(s) for any reason, including nonpayment, without an order of the Court; *provided however*, that Omni may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Debtor, the Office of the United States Trustee and any official committee of creditors appointed in this case by facsimile or overnight delivery.

16. Notwithstanding anything to the contrary in the Engagement Agreement attached as Exhibit A to the Application, any limitation of liability provision in the Engagement Agreement, shall be of no force and effect during the pendency of this case.

17. In the event Omni is unable to provide the Services, Omni will immediately notify the Clerk's Office and counsel for the Debtor and cause to have all original proofs of claim and computer information turned over to the Clerk's Office or another claims agent with the advice and consent of the Clerk's Office and counsel for the Debtor.

18. The Debtor may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Omni but is not specifically authorized by this Order.

19. Omni shall comply with all requests of the Clerk's Office and follow the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

20. The Debtor and Omni are authorized to take such other action as is reasonably necessary to comply with all of the duties set forth in the Application and this Order.

21. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

22. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Agreement, and this Order, the terms of this Order shall govern.

23. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

Dated: April 22nd, 2021  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE