IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 21-10723 (MFW)<br><br>Re: D.I. 59<br>Hearing Date: May 17, 2021 @ 11:30 a.m. (ET)<br>Obj. Deadline: May 13, 2021 at 10:00 a.m. (ET)<br>(For U.S. Trustee) |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING (I) THE EMPLOYMENT AND RETENTION OF SSG ADVISORS, LLC, AS INVESTMENT BANKER TO THE DEBTOR EFFECTIVE AS OF APRIL 19, 2021, AND (II) A WAIVER OF COMPLIANCE WITH CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), through his undersigned counsel, files this objection ("Objection")[2] to *Debtor's Application For Entry Of An Order Authorizing (I) The Employment And Retention Of SSG Advisors, LLC, As Investment Banker To The Debtor Effective As Of April 19, 2021, And (II) A Waiver Of Compliance With Certain Requirements Of Local Rule 2016-2* ("SSG Retention Application") filed at D.I. 59, and in support of this Objection states as follows:

**PRELIMINARY STATEMENT**

1.  The Monthly Fee, Financing Fee, Sale Fee and Restructuring Fee that the estate proposes to pay the investment banker, SSG Advisors, LLC ("SSG"), should be subject to the

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its tax identification number, is as follows: Connections Community Support Programs, Inc. (3030). The address of the Debtor's corporate headquarters is 3812 Lancaster Pike, Wilmington, Delaware 19805.

[2] The U.S. Trustee believes it has reached an agreement with the Debtor and SSG as to other revisions to the form of order and informal comments the Victor Declaration concerning the scope of disclosures. For the avoidance of doubt, if those issues are not actually resolved by the hearing date, the U.S. Trustee reserves the right to raise same at the hearing.

1

Interim Compensation Procedures (defined below), which are a standard practice established in this case and others to facilitate and govern interim payments to all estate professionals. Like all the professionals in this case, SSG's fees should be subject to the review procedures and should not be exempt from this practice. The Interim Compensation Procedures are a necessary and helpful tool to the U.S. Trustee and other parties to ensure that all estate professionals receive reasonable compensation as the case progresses, and that any issues with compensation are resolved and addressed and not held back until the final stages of a case. Requiring a sophisticated investment banker like SSG to comply with these requirements is not burdensome to it, nor to the estate. Rather, this standard practice, which accommodates interim compensation under section 331 of the Code, is meant to protect and benefit estate professionals so that they can be paid before final allowance of fees and expenses, while at the same time permitting interested parties to review and comment on the compensation as problems or issues arise.

## **JURISDICTION**

2. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Objection.

3. The U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district, pursuant to 28 U.S.C. § 586. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code. *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy

proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest . . . that the Trustee has standing to attempt to prevent circumvention of that responsibility."); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

4. Under 28 U.S.C. § 586(a)(3)(1), the U.S. Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications."

5. Under § 307 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), the U.S. Trustee has standing to be heard on the issues raised in this Objection.

**FACTUAL BACKGROUND**

6. On April 19, 2021 (the "Petition Date"), Connections Community Support Programs, Inc. ("Connections," or the "Debtor") filed a voluntary petition for relief under chapter 11 of the Code.

7. On May 3, 2021, the U.S. Trustee appointed an official committee of unsecured creditors ("Committee"). D.I. 79.

8. On April 27, 2021, the Debtor filed a motion to establish interim compensation procedures ("Interim Compensation Procedures Motion") at D.I. 52. Pursuant to the Interim Compensation Procedures Motion, on the 20th day of each month, all court-approved professionals seeking interim payment of their fees and expenses may file an application for interim allowance of fees and expenses incurred during the preceding month. *See* D.I. at ¶12 (a). If no objection is raised to the compensation and reimbursement requested by the objection deadline, the Debtor is

3

authorized to pay each such Professional an amount (the "Actual Interim Payment") equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested (the "Maximum Interim Payment"); or (ii) 80% of the fees and 100% of the expenses not subject to an objection, upon the filing of a certificate of no objection. *Id.* at ¶12 (e). The Interim Compensation Procedures Motion also establishes procedures for filing an Interim Fee Request under section 331 of the Code and Final Fee Applications. *See id*. at 12 (g) – (1). All requests for fees and expenses under the Interim Compensation Procedures must comply with the Code, the Federal Rule of Bankruptcy Procedure, and the Local Rule of this Court. *See id*. at ¶ 12 (d).

9. On April 27, 2021, the Debtor filed the SSG Retention Application. *See* D.I. 59. The SSG Retention Application provides that SSG will be, or has been, paid:

> Initial Fee. An initial fee (the "Initial Fee") of $40,000, which initial fee was due and was paid upon signing the Engagement Letter.
>
> Monthly Fees. Monthly fees (the "Monthly Fees") of $40,000 per month payable beginning April 1, 2021, and continuing each month thereafter on the first (1st) of the month during the Engagement Term, as defined in the Engagement Letter.
>
> Financing Fee. Upon the closing of a Financing Transaction to any party, SSG shall be entitled to a fee ("Financing Fee") payable in cash, in federal funds via wire transfer or certified check, ***at and as a condition of closing of such Financing*** equal to 2.0% of any Senior Debt (as such term is hereafter defined) raised from any financing source, including senior revolver and term loan, plus 4.0% of any Tranche B, Traditional Subordinated Debt or Equity (as such term is hereafter defined) raised regardless of whether the Company chose to draw down the full amount of the Financing. Notwithstanding the foregoing, SSG shall not be entitled to any Financing Fee related to capital, financing or guaranty from any existing lender or equity investor or government economic assistance program.
>
> Sale Fee. Upon the consummation of a Sale Transaction to any party and as a direct carveout from proceeds of any Sale, prior in right to any post- or pre-petition secured debt, SSG shall be entitled to a fee (the "Sale Fee"), payable in cash, in federal funds via wire transfer or certified check, ***at and as a condition of closing of such Sale***, equal to the greater of (a) $450,000 or (b) three percent (3.0%) of Total Consideration (as such term is hereafter defined). In the event that the Company determines to terminate the Sale process and move to an orderly wind-down of its assets, then SSG's Sale Fee shall be $150,000.

Restructuring Fee. Upon confirmation of a plan of reorganization effectuating a Restructuring, SSG shall be entitled to a fee (the "Restructuring Fee") payable in cash, in federal funds via wire transfer or certified check, at ***and as a condition of closing such Transaction equal to $450,000***. For the sake of clarity, SSG shall not be entitled to both a Sale Fee and a Restructuring Fee.

D.I. 59 at ¶19 (emphasis added).

10. The proposed order attached to the SSG Retention Application provides as follows:

SSG shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, except that SSG is hereby granted a limited waiver of the information-keeping requirements of Local Rule 2016-2 to permit the firm to keep professional time records in half hour increments, and SSG shall not be required to conform to any schedule of hourly rates for its professionals. ***For the avoidance of doubt, SSG shall be entitled to payment of its Monthly Fees without the need for monthly or interim applications for compensation.***

*See* D.I. 59-3 at ¶ 6[3] (emphasis added).

11. Accordingly, SSG is exempt from the Interim Compensation Procedures. *See* SSG Retention Application at ¶ 25 ("SSG should be excused from compliance . . . with any order establishing procedures for interim compensation and reimbursement of expenses . . . with respect to SSG's professional fees only.").

12. Under the proposed order, as is customary, the U.S. Trustee retains the right to review and object to SSG's fees under section 330 of the Code. *See* D.I. 59-3 at ¶5.

---

[3] The U.S. Trustee believes that in the to-be-filed form of order, SSG has agreed to the following language:

Other than the Monthly Fees, with respect to all fees for which SSG will seek to be compensated, and notwithstanding anything to the contrary in this Order, the Application, the Engagement Letter and the Victor Declaration, SSG shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, except that SSG is hereby granted a limited waiver of the information-keeping requirements of Local Rule 2016-2 to permit the firm to keep professional time records in half-hour increments, and SSG shall not be required to conform to any schedule of hourly rates for its professionals. For the avoidance of doubt, SSG shall be entitled to payment of its Monthly Fees without the need for monthly or interim applications for compensation.

As detailed in this Objection, however, the parties still dispute whether the language quoted above should apply to the Monthly Fees and whether all of SSG's fees should only be paid after allowance of interim or final fee applications.

## ARGUMENT

### I. SSG Should Not Be Exempt from Interim Compensation Procedures.

13. Under section 331 of the Code "any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title." 11 U.S.C. § 331.

14. Importantly, section 331 of the Code provides a mechanism for interim review and allowance of fees prior to final allowance of compensation at the end of a case. On an interim basis, the Court applies the same standard for review as is applied at the final fee allowance stage, and section 330 of the Code sets forth that standard. It provides that after notice and a hearing, the court may award to a professional person employed under § 327 or § 1103 "reasonable compensation for actual, necessary services rendered" by such a professional person, but subject to the limitations of, inter alia, section 326, 328, and 329 of the Code. 11 U.S.C. § 330(a)(1).

15. The determination as to whether the compensation sought is reasonable involves consideration of the following factors: (1) time spent on such services; (2) rates charged for such services; (3) whether the services were necessary or beneficial to the estate; (4) whether the services were performed within a reasonable amount of time commiserate with the task addressed; (5) the skill of the professional person; and (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners. *See* 11 U.S.C. § 330(a)(3). Where services provided were unnecessarily duplicative or "not reasonably likely to benefit the debtor's estate" or "necessary to the administration of the case," the Court shall not allow compensation for those services. *See* 11 U.S.C. § 330(a)(4).

16. To facilitate that consideration of these factors, Federal Rule of Bankruptcy Procedure 2016(a) specifies that an applicant must set forth a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). Local Rule 2016-2 further sets forth detailed information that must be included in compensation requests. *See* Del. Bankr. L.R. 2016-2(d) (ii) – (viii) (compensation requests shall include time allotment for activity descriptions, the subject matter of each activity description, no lumping of activity descriptions, among other requirements).

17. Here, the U.S. Trustee retains the right to review SSG's compensation pursuant to the standards of section 330 of the Code. The Debtor has proposed the Interim Compensation Procedures whereby professionals in this case can receive payment for their services on a monthly basis, after the expiration of an objection period through submission of monthly statements of their fees and expenses, but the Debtor has exempted SSG from that process. As a result, the U.S. Trustee will not have the ability to review the reasonableness of the estate's monthly payments (and possibly other transaction-related payments) to SSG. Those payments are not subject to any limitation or holdback; the estate proposes to make, at least, a $40,000 payment to SSG in full each month. Under this proposal, the first time the U.S. Trustee will be able to review such payments will be at the final fee application stage when potentially hundreds of thousands of dollars will have already left the estate.

18. The requirement that an estate professional prepare monthly fee statements, and in particular, interim fee applications, facilitates an ongoing, interim review of compensation. This requirement should not be reserved for the final fee application stage to ensure, on a contemporaneous basis, that interim payments are reasonable and to address any issues with compensation before the funds leave the estate. SSG, a sophisticated investment banker, should

7

not have any difficulty complying with the Interim Compensation Procedures, and there is no justifiable reason to single SSG out from the remainder of the professional in this case. Furthermore, the request to comply with the Interim Compensation Procedures is not burdensome to the estate, and rather, is meant to protect the estate and its professionals for the reasons stated above.

19. For these reasons, the U.S. Trustee submits that this Court should not approve the SSG Retention Application unless and until the proposed order is revised to reflect that SSG shall comply with the Interim Compensation Procedures with respect to all of its fees.

## RESERVATION OF RIGHTS

20. The U.S. Trustee reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Objection, file an appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

Dated: May 13, 2021
      Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**

By: /s/ *Rosa Sierra*
    Rosa Sierra
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox35
    Wilmington, Delaware 19801
    Phone: (302) 573-6492
    Fax:    (302) 573-6497
Email: rosa.sierra@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Rosa Sierra, hereby attest that on May 13, 2021, I caused to be served a copy of this Objection by electronic service on the registered parties via the Court's CM/ECF system and upon the following parties:

- the Debtor, Connections Community Support Programs, Inc., 3812 Lancaster Pike, Wilmington, Delaware 19805 (*Attn*: Robert D. Katz, Chief Restructuring Officer (robert.katz@eisneramper.com))

- proposed counsel for the Debtor, Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801 (*Attn*: William E. Chipman, Jr., Esquire (chipman@chipmanbrown.com), Mark L. Desgrosseilliers, Esquire (desgross@chipmanbrown.com));

- counsel to WSFS, Reed Smith, LLP, Three Logan Square, Suite 3100, 1717 Arch Street, Philadelphia, PA 19103 (Attn: Brian M. Schenker, Esquire (BSchenker@ReedSmith.com) and Derek M. Osei-Bonsu, Esquire (dosei bonsu@reedsmith.com)); and 1201 N. Market Street, Suite 1500, Wilmington DE 19801 (Attn: Katelin A. Morales, Esquire (kmorales@reedsmith.com))

- proposed counsel to the Committee, Polsinelli PC, (Attn: Christopher A. Ward, Esquire (cward@polsinelli.com), Shanti M. Katona, Esquire (skatona@polsinelli.com), and Brenna A. Dolphin, Esquire (bdolphin@polsinelli.com));

- SSG Advisors, LLC, 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428 (Attn: J. Scott Victor (jsvictor@ssgca.com));

- Counsel for the State of Delaware, Erin R. Fay, Bayard, 600 N. King Street, Suite 400 Wilmington, DE 19801, efay@bayardlaw.com;

- Counsel for United States of America, Augustus T. Curtis, Civil Division U.S Department of Justice P.O. Box 875 Ben Franklin Station Washington, D.C. 20044 Tel: (202) 598-7524, augustus.t.curtis@usdoj.gov;

- Counsel for Inperium, Joseph H. Huston, Jr. (No. 4035) David W. Giattino (No. 5614) STEVENS & LEE, P.C. 919 North Market Street, Suite 1300 Wilmington, Delaware 19801 Tel: (302) 425-3310 | (302) 425-2608 Fax: (610) 371-7972 | (610) 371-7988 E-mail: jhh@stevenslee.com | dwg@stevenslee.com; and

- Patient Care Ombudsman, Eric Huebscher, ehuebscher@huebscherconsulting.com.