# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 21-10723 (MFW)<br><br>**Related Docket No. 58** |

### ORDER AUTHORIZING DEBTOR TO EMPLOY AND RETAIN OMNI AGENT SOLUTIONS AS ADMINISTRATIVE AGENT *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**") [2] of the Debtor in the Chapter 11 Case for entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, (a) authorizing the Debtor to employ and retain Omni Agent Solutions as the Administrative Agent in the Chapter 11 Case *nunc pro tunc* to the Petition Date pursuant to the Engagement Agreement; and (b) granting related relief; and the Court having jurisdiction to consider the matters raised in the Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Application pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Application and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Application and opportunity for a hearing on the Application having been given to the Notice Parties, and it appearing that no other or further notice need be provided; and

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its tax identification number, is as follows: Connections Community Support Programs, Inc. (3030). The address of the Debtor's corporate headquarters is 3812 Lancaster Pike, Wilmington, Delaware 19805.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

the Court having reviewed and considered the Application, the Deutch Declaration and the First Day Declaration; and the Court having held, if necessary, a hearing on the Application (the "**Hearing**"); and the Court having found that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that the terms and conditions of Omni's employment is reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having found that Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and the Court having found that the relief requested in the Application being in the best interests of the Debtor, its creditors, its estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Application is approved as set forth in this Order.

2. The Debtor is authorized to retain Omni as Administrative Agent effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement except as those terms are modified herein, and Omni is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Omni is authorized to take such other action to comply with all duties set forth in the Application.

4. Omni shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5.    The Debtor shall indemnify Omni under the terms of the Engagement Agreement, as modified pursuant to this Order.

6.    Omni shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

7.    The Debtor shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of Omni's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing pursuant to paragraph 8 below, to be a claim or expense for which Omni should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this Chapter 11 Case, Omni believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Omni must file an application therefor in this Court,

and the Debtor may not pay any such amounts to Omni before the entry of an order by this Court approving the payment requested therein. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Omni for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Omni. All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution or reimbursement.

9. Notwithstanding anything to the contrary in the Engagement Agreement, any limitation of liability provision in the Engagement Agreement, shall be of no force and effect during the pendency of this case.

10. The Debtor and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13. In the event of any inconsistency between the Engagement Agreement, the Application, and the Order, the Order shall govern.

Dated: May 13th, 2021  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE