**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., | Case No. 21-10723 (MFW) |
| Debtor.[1] | **Related Docket No. 71** |

**ORDER (I) APPROVING CERTAIN BIDDING PROTECTIONS IN CONNECTION WITH THE SALE OF THE DEBTOR'S MAT ASSETS, AND (III) GRANTING RELATED RELIEF**

This matter coming before the Court on the motion (the "**MAT Sale Motion**")[2] of the Debtor for the entry, pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rules 2002-1 and 6004-1, of (i) an order (i)(a) approving the Bidding Protections for the MAT Stalking Horse Bidder in connection with the sale of the Acquired MAT Assets; (b) approving procedures related to the assumption and assignment of the Acquired MAT Contracts;; and (c) granting related relief; and (ii) (a) authorizing the sale of the Acquired MAT Assets to the MAT Stalking Horse Bidder, or such other Successful Bidder for such assets, free and clear of liens, claims, encumbrances, and other interests, except as otherwise provided by the MAT Stalking Horse APA, in the event that the MAT Stalking Horse Bidder is the Successful Bidder or an asset purchase agreement (each a "Transaction Agreement") in the event that that the Successful Bidder is not the MAT Stalking Horse Bidder, as applicable; (b) approving the assumption and assignment of the Acquired MAT Contracts, as defined and identified in section 2.8 of the Stalking Horse APA; and (c) granting related relief; and the Court

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its tax identification number, is as follows: Connections Community Support Programs, Inc. (3030). The address of the Debtor's corporate headquarters is 3812 Lancaster Pike, Wilmington, Delaware 19805.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the MAT Sale Motion.

having reviewed the MAT Sale Motion and having found that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; (ii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances, and no further notice of the Motion is necessary; and a hearing having been held on the MAT Sale Motion (the "**MAT Bid Procedures Hearing**"); and after due deliberation thereon; and the Court having determined that entry of this Order is in the best interests of the Debtor, its estate, its patients, its employees, its creditors, and its other stakeholders; and good and sufficient cause having been shown therefor;

  **IT IS FOUND AND DETERMINED THAT:**

  A.  The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court granting the relief requested in the Motion, as set forth herein, relating to the bidding process, including approval of (1) the Bidding Procedures, attached hereto as **Exhibit 1**, including the establishment of the Bid Deadline and the scheduling of the Auction and Sale Hearing as set forth therein and herein, (2) the MAT Bidding Protections for the MAT Stalking Horse Bidder, and (3) the procedures described below for the assumption and assignment of Acquired MAT Contracts to the Successful Bidder, including the determination of the amounts necessary to cure defaults under the Acquired MAT Contracts (the "**Cure Amounts**").

  B.  The Debtor has articulated good and sufficient reasons for, and the best interests of its  estate will be served by, this Court scheduling a Sale Hearing to consider granting the other relief requested in the MAT Sale Motion, including approval of the MAT Sale and the transfer of some or all of the Acquired MAT Assets to the Successful Bidder free and clear of all liens, claims,

encumbrances, and other interests (except as otherwise provided by the Successful Bidder's Stalking Horse APA or Transaction Agreement, as applicable) pursuant to section 363(f) of the Bankruptcy Code.

C. The Debtor and the Stalking Horse Bidder each negotiated the MAT Bidding Protections and the MAT Stalking Horse APA in good faith and at arm's length. The selection of the MAT Stalking Horse Bidder was fair and appropriate under the circumstances and is in the best interests of the Debtor's estate.

D. The MAT Stalking Horse Bidder is not an "insider" or "affiliate" of the Debtor, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stakeholders exist between the MAT Stalking Horse Bidder and the Debtor. The MAT Stalking Horse Bidder and its counsel and advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the MAT Stalking Horse Bidder's negotiation of the MAT Bidding Protections and entry into the MAT Stalking Horse APA.

E. The MAT Bidding Protections as set forth in the MAT Stalking Horse APA to be paid to the MAT Stalking Horse Bidder on the terms set forth therein, as modified by the terms of this Order, are: (1) commensurate to the real and substantial benefits conferred upon the Debtor's estate by the MAT Stalking Horse Bidder; (2) reasonable and appropriate in light of the size and nature of the proposed Sale, the commitments that have been made by the MAT Stalking Horse Bidder, and the efforts that have been and will be expended by the MAT Stalking Horse Bidder; and (3) necessary to induce the MAT Stalking Horse Bidder to continue to pursue the sale of the Acquired MAT Assets and to continue to be bound by the MAT Stalking Horse APA.

F. Moreover, the MAT Bidding Protections, as modified hereby, are an essential inducement and condition of the MAT Stalking Horse Bidder's entry into, and continuing obligations under, the MAT Stalking Horse APA. Unless it is assured that the MAT Bidding Protections will be available, the MAT Stalking Horse Bidder is unwilling to be bound under the MAT Stalking Horse APA (including the obligation to maintain its committed offer while such offer is subject to higher or otherwise better offers). The MAT Bidding Protections induced the MAT Stalking Horse Bidder to submit a bid that will serve as a minimum or floor bid for the Acquired MAT Assets on which the Debtor, its creditors, and other bidders can rely. The MAT Stalking Horse Bidder has provided a material benefit to the Debtor and its creditors by increasing the likelihood that the best possible purchase price for the Acquired MAT Assets will be realized. The MAT Bidding Protections were negotiated by the MAT Stalking Horse Bidder and the Debtor and their respective advisors at arms' length and in good faith.

G. Accordingly, the MAT Bidding Protections, as modified by this Order, are (i) fair, reasonable, and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estate; and (ii) actual and necessary costs and expenses of preserving the Debtor's estate within the meanings of sections 503(b) and 507(a) of the Bankruptcy Code.

H. The notice procedures set forth herein relating to the assumption and assignment to the Successful Bidder of Acquired MAT Contracts (including the delivery of Supplemental Contract Assumption Notices and the identification of the Successful Bidder, if the Successful Bidder is not the MAT Stalking Horse Bidder), are reasonably calculated to provide counterparties to the Acquired MAT Contracts with proper notice of the potential assumption and assignment of the Acquired MAT Contracts, any Cure Amounts relating thereto, and the ability of the MAT

Stalking Horse Bidder or other Successful Bidder to provide adequate assurance of future performance under such Acquired MAT Contracts.

I. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

J. To the extent any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED THAT:**

**A. Approval of MAT Sale Motion**

1. The MAT Sale Motion is GRANTED with respect to the Bidding Procedures and the MAT Bidding Protections, as set forth herein.

2. The Bidding Procedures, attached hereto as **Exhibit 1**, are hereby APPROVED.

3. The Sale Notice, attached hereto as **Exhibit 2**, is hereby APPROVED.

4. All objections to the relief requested in the MAT Sale Motion relating to the MAT Bidding Protections that have not been withdrawn, waived, or settled are overruled.

5. Subject to the terms of the Second Interim Cash Collateral Order, holders of claims secured by unavoidable, properly perfected liens on all or a portion of the Assets shall, pursuant to section 363(k) of the Bankruptcy Code, be permitted, but not compelled, to credit bid up to the full amount of their secured claims for any of the Assets (such bid, a "**Credit Bid**"); *provided, however,* that any such Credit Bid with respect to any of the Acquired MAT Assets shall include a cash purchase price sufficient to pay in full (a) all other amounts being paid in full in cash as part of the Purchase Price under the MAT Stalking Horse APA; and (b) the MAT Bidding Protections;

*provided further* that the term "MAT Acquired Assets" as defined in the MAT Stalking Horse APA does not include Accounts Receivable and the right of the Seller to access all of the Seller's records necessary to collect any Accounts Receivable. For purposes of valuing Qualified Bids and determining the Successful Bid, the full face amount of a Credit Bid satisfying the requirements set forth herein, as applicable, shall be deemed to have the same value as the equivalent amount of cash.

### B. Approval of the MAT Bidding Protections

6. The MAT Bidding Protections are **APPROVED** and shall be paid in cash from the proceeds of any sale of the Acquired Assets to a purchaser other than the Stalking Horse Bidder, at the closing of such sale, without the need for any further order of this Court. The Debtor's obligation to pay the MAT Bidding Protections shall constitute, pursuant to sections 503 and 507 of the Bankruptcy Code, an administrative expense claim against the Debtor's bankruptcy estate, and shall survive termination of the Stalking Horse APA in accordance with the terms thereof. For the avoidance of doubt, any request for the Bid Protections to be granted super-priority administrative expense treatment under section 364 or 507(b) of the Code is hereby denied.

7. All expenses to be reimbursed pursuant to the Bid Protections must be documented, and such documentation shall be provided to (i) the Debtor; (ii) Debtor's counsel; (iii) counsel to WSFS; (iv) the Committee and its counsel; and (v) the U.S. Trustee; these parties will have a ten (10) calendar day review period. If there is an objection to any portion of the expenses during that time, the expenses will not be paid until the objection is resolved consensually or by the Court. If there is not an objection during that time, the expenses can be paid from the sale proceeds upon the expiration of the ten (10) calendar day period.

8.  Notwithstanding anything to the contrary contained herein, if the MAT Stalking Horse Bidder is not the Successful Bidder, upon timely payment of the MAT Bidding Protections to the MAT Stalking Horse Bidder, the Debtor and its respective representatives and affiliates, on the one hand, and the MAT Stalking Horse Bidder and its representatives and affiliates, on the other hand, shall be deemed to have fully released and discharged each other from any liability resulting from the termination of the MAT Stalking Horse APA, and neither the Debtor and its respective representatives and affiliates, on the one hand, nor the MAT Stalking Horse Bidder and its representatives and affiliates, on the other hand, nor any other person or entity, shall have any other remedy or cause of action under or relating to the MAT Stalking Horse APA or any applicable law, including for reimbursement of expenses.

C. **Contract Assumption and Assignment Procedures**

9.  The Notice to Counterparties to Executory Contracts and Unexpired Leases That May Be Assumed and Assigned (the "**Contract Assumption Notice**"), in the form attached hereto as **Exhibit 3** is hereby **APPROVED**.

10. On or before May 19, 2021, the Debtor shall serve this Order and the Contract Assumption Notice upon each counterparty to the Acquired MAT Contracts and its counsel (if known), with such service to be made by e-mail where that information is available. The Contract Assumption Notice shall (i) state the date, time, and place of the Sale Hearing, (ii) specify the date by which any objection to the assumption and assignment of the Assumed Contracts must be filed and served, (iii) include a separate description of each specific Assumed Executory Contract that may be assigned to the Successful Bidder in connection with the MAT Stalking Horse APA or Transaction Agreement, as applicable, and (iv) identify the amount, if any, that the Debtor believes

is owed to each counterparty to the Assumed Contracts in order to cure any defaults thereunder (the "**Cure Amounts**") pursuant to section 365 of the Bankruptcy Code.

11. In accordance with the MAT Assumption Procedures, attached hereto as **Exhibit 4**, which procedures are hereby approved, the Successful Bidder may designate additional contracts and leases for assumption and assignment at any time until the earlier of (x) one (1) business day prior to the Sale Hearing or (y) three (3) business days prior to the closing under the MAT Stalking Horse APA or Transaction Agreement, as applicable. In the event that any contract or lease is designated as an Acquired MAT Contract by the MAT Stalking Horse Bidder or the Successful Bidder or the proposed Cure Amount for an Acquired MAT Contract is modified after service of the Contract Assumption Notice, the Debtor shall, within one (1) business day of receiving such designation (or modification of the Cure Amount), serve the MAT Sale Motion and an amended and/or supplemental notice (the "**Supplemental Contract Assumption Notice**") upon each counterparty to such Assumed Contracts and its counsel (if known), with such service to be made by e-mail where that information is available. Each Supplemental Contract Assumption Notice will include the same information concerning the applicable Acquired MAT Contract as is required to be included in the Contract Assumption Notice the Assumed Executory Contract Objection Deadline (as defined below).

12. If any counterparty to an Acquired MAT Contract objects for any reason to the assumption and assignment of its Acquired MAT Contract (other than the ability of any Successful Bidder other than the MAT Stalking Horse Bidder to furnish adequate assurance of future performance), including, without limitation, the proposed Cure Amount set forth in the Contract Assumption Notice or Supplemental Contract Assumption Notice (as applicable) or the ability of the MAT Stalking Horse Bidder to provide adequate assurance of future performance under such

Acquired MAT Contract, such counterparty must file with the Court a written objection complying with the Bankruptcy Code and stating, with specificity, the legal and factual bases therefor (including any information required to be provided pursuant to paragraph 25 below), and serve such objection so as to be received by the Service Parties by the later of: (i) June 2, 2021, at 4:00 p.m. (Eastern), or (ii) 4:00 p.m. (Eastern) on the date that is seven (7) calendar days after the date of service of any Supplemental Contract Assumption Notice in respect of such Assumed Executory Contract (the "**Assumed Executory Contract Objection Deadline**").

13. Any objection to assumption or assignment of an Acquired MAT Contract based on the proposed Cure Amount for such Acquired MAT Contract (each, a "**Cure Objection**") must set forth with specificity each and every asserted default in the applicable Acquired MAT Contract, and the monetary cure amount asserted by the counterparty to the extent it differs from the amount, if any, proposed by the Debtor in the Contract Assumption Notice or the Supplemental Contract Assumption Notice, as applicable.

14. If following the Auction, the MAT Stalking Horse Bidder is not selected by the Debtor as the Successful Bidder with respect to the Acquired MAT Assets, and/or if another Successful Bidder is selected with respect to any of the Acquired MAT Assets, then the Debtor shall serve the Auction Results Notice on each counterparty to an Acquired MAT Contract proposed to be assigned to any such non-MAT Stalking Horse Bidder that is a Successful Bidder or a Back-Up Bidder at the same time such notice is filed with the Bankruptcy Court, whether or not such counterparty previously received a Contract Assumption Notice or Supplemental Contract Assumption Notice, with such service to be made by e-mail where that information is available. In such event, each such counterparty shall be entitled to object to assumption and assignment of its Acquired MAT Contract to the Successful Bidder or the Back-Up Bidder based solely on the

identity the Successful Bidder and/or the Back-Up Bidder and each of their ability to provide adequate assurance of future performance (an "**Adequate Assurance Objection**"); *provided*, that, any counterparty that was not previously served with a Contract Assumption Notice or Supplemental Contract Assumption Notice shall receive a Supplemental Contract Assumption Notice at such time and shall also be entitled to object to assumption and assignment of its Acquired MAT Contract as set forth herein. Any Adequate Assurance Objection must be in writing, comply with the Bankruptcy Code, state with specificity the legal and factual bases therefor, and be filed with the Court and served on the Service Parties, the Successful Bidder, and the Back-Up Bidder (whose notice information shall be provided as part of the Auction Results Notice) so as to be received no later than **10:00 a.m. (Eastern) on June 7, 2021**.

15. Any counterparty to an Acquired MAT Contract that fails to file and serve timely an objection to assumption or assignment of its Acquired MAT Contract (including, without limitation, any Cure Objection or Adequate Assurance Objection) in accordance with the requirements set forth in this Order shall be forever barred, unless otherwise ordered by the Court, from: (a) asserting that it is owed a Cure Amount in excess of that set forth in the Contract Assumption Notice or Supplemental Contract Assumption Notice, as applicable (and such Cure Amount shall be deemed the only amount necessary under section 365(b) of the Bankruptcy Code to cure all defaults thereunder if any such Successful Bidder ultimately decides to have such Acquired MAT Contract assumed by the Debtor and assigned to it); (b) asserting any additional cure or other amounts with respect to such Acquired MAT Contract against the Debtor, any Successful Bidder, or the property of either of them; and (c) objecting, on any grounds, to assumption by the Debtor and assignment to any Successful Bidder of the relevant Acquired MAT Contract.

16. Objections to assumption or assignment of any Acquired MAT Contract (including, without limitation, any Cure Objection or Adequate Assurance Objection) may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing; Hearing, <u>provided</u>, <u>however</u>, adjournment of an objection to the assumption or assignment of any Assumed Executory Contract shall only occur upon consent of the applicable counterparty to the Assumed Executory Contract.

17. If a contract or lease is assumed and assigned pursuant to an order of this Court (including the Sale Order), the counterparty to such Acquired MAT Contract shall receive the applicable Cure Amount, if any (except for Disputed Cure Amounts), no later than three (3) business days following the closing of the MAT Sale concerning its Acquired MAT Contract, with payment to be made pursuant to the terms of the Successful Bidder's MAT Stalking Horse APA, Transaction Agreement, or the Sale Order and any other order effectuating such assumption and assignment, as applicable. Except to the extent otherwise provided in the Successful Bidder's MAT Stalking Horse APA, Transaction Agreement, or the Sale Order and any other order effectuating such assumption and assignment, as applicable, the Debtor and the Debtor's estate shall be relieved of all liability accruing or arising under or in connection with the Acquired MAT Contracts, including with respect to the payment of Cure Amounts, after the assumption and assignment thereof pursuant to section 365(k) of the Bankruptcy Code.

18. Notwithstanding any provision in this Order, the MAT Stalking Horse APA, or any Transaction Agreement to the contrary, this Order does not satisfy, and the Court has not yet determined if the Debtor has satisfied, the requirements of section 365 of the Bankruptcy Code for any particular Acquired MAT Contract, including those relating to the Cure Amounts or the provision of adequate assurance of future performance. No Acquired MAT Contract shall be

deemed assumed or assumed and assigned until the later of (a) the date the Court has entered an order authorizing the assumption and assignment of such Acquired MAT Contract or (b) the date the sale related to such Acquired MAT Contract is closed. The Successful Bidder shall have no rights in and to any particular Acquired MAT Contract until such time as the particular Acquired MAT Contract is assumed and assigned to the Successful Bidder.

19. The Debtor's inclusion of a contract on the Contract Assumption Notice or any Supplemental Contract Assumption Notice shall not guarantee that such contract will ultimately be assumed or assumed and assigned. The Contract Assumption Notice and any Supplemental Contract Assumption Notice shall be without prejudice to each Successful Bidder's right, if any, under its Successful Bidder's MAT Stalking Horse APA or Transaction Agreement, as applicable, to subsequently (a) decline to take assignment of any contract or (b) include additional contracts or leases for assumption and assignment pursuant to the provisions thereof provided that notice is given to the affected counterparties and an opportunity to either object to such assignment or file a proof of claim on account of any ultimate contract or lease rejection.

20. The inclusion of a contract and related Cure Amount on a Contract Assumption Notice or Supplemental Contract Assumption Notice shall not constitute or be deemed to be a determination or admission by the Debtor, the MAT Stalking Horse Bidder, any Successful Bidder, any Back-Up Bidder, or any other party in interest that such contract is an executory contract or unexpired lease within the meaning of the Bankruptcy Code or that the stated Cure Amount constitutes a claim against the Debtor in such amount (all rights with respect thereto being expressly reserved). The Debtor reserves all of its rights, claims, and causes of action with respect to each contract listed on the Contract Assumption Notice or any Supplemental Contract Assumption Notice.

21. The United States maintains that grant agreements between the debtor and government agencies, including without limitation with the United States Veteran's Administration Support Services for Veterans Families ("SSVF") program, and grant programs with the United Stated Department of Housing and Urban Development ("HUD") are not executory contracts which are assumable or assignable through the contemplated sale of the Debtor's assets. The United States reserves all rights to contest any effort by the Debtor to assume and/or assign such agreements through such contemplated sale or otherwise.

**D. Miscellaneous**

22. The Deposits of the Qualified Bidders with respect to the MAT Acquired Assets, including the Deposit of the MAT Stalking Horse Bidder, shall be held in escrow by the Debtor or its agent and shall not become property of the Debtor's bankruptcy estate unless and until released from escrow to the Debtor pursuant to the terms of the applicable escrow agreement and the Bidding Procedures.

23. The Debtor, and its officers and directors, acknowledge and reaffirm their obligation to preserve any and all records and documents potentially relevant to <u>United States v. Community Connections Support Programs, Inc., et al.</u>, Civil Action No. 21-514-MN (D. Del.) and/or <u>United States and the State of Delaware ex rel. Spruill v. Connections Community Support Programs, Inc.</u>, Civil Action No. 19-475-CFC (D. Del.) (the "District Court Litigation"), and agree they shall not destroy, alter, or remove, or permit the destruction, alteration or removal of, such records and documents, except upon an order entered upon motion filed in the District Court Litigation, with notice to the United States.

24. At least seven (7) days prior to the closing with respect to any sale of the Debtor's assets, the Debtor shall provide notice of the location or locations of documents and records the

Debtor intends to transfer to the Buyer, and which documents or records it will not transfer (describing the general type of record, location and form in which it is retained or transferred). The obligations of the Debtor, and its officers and directors, not to destroy, alter, or remove, or permit the destruction, alteration or removal of, records and documents that the Debtor does not transfer shall continue after such sale except upon an order entered upon motion filed in the District Court Litigation, with notice to the United States.

25. Any and all records or documents potentially relevant to the District Court Litigation which are transferred to the Buyer in any sale shall be maintained by the Buyer as custodian for the Debtor, and the Buyer shall not destroy, alter, or remove, or permit the destruction, alteration or removal of, such records and documents, except upon an order entered upon motion filed in the District Court Litigation, with notice to the United States.

26. The provisions of this Order regarding retention of documents shall be binding on the Debtor, its officers and directors, as well as the bankruptcy estate, and shall survive dismissal of the case, conversion of the case to another Chapter, appointment of a trustee, liquidating trustee, or other fiduciary with custody over assets of the estate. Such provisions of this order may be enforced in any Court or judicial body of competent jurisdiction.

27. To the extent the provisions of this Order are inconsistent with the provisions of any Exhibit referenced herein or with the MAT Sale Motion, the provisions of this Order shall control.

28. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

29. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

Dated: May 18th, 2021  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE