IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 21-10723 (MFW)<br><br>**Hearing Date: September 17, 2021 at 10:30 a.m. (*prevailing* Eastern Time)**<br>**Objection Deadline: September 10, 2021 at 4:00 p.m. (*prevailing* Eastern Time)**<br><br>**Related Docket No. 406** |

### DEBTOR'S RESPONSE TO MOTION FOR APPOINTMENT OF COUNSEL

Connections Community Support Programs, Inc., the debtor in the above-captioned case (the "**Debtor**") hereby responds (the "**Objection**") to the *Motion for Appointment of Counsel* [Docket No. 406] (the "**Motion**") filed by Amir Fatir (the "**Movant**"). In support of this Objection, the Debtor respectfully represents as follows:

### PRELIMINARY STATEMENT

1. Movant is an inmate in the care and custody of the State of Delaware, Department of Correction ("**State of Delaware**"), and is party to a pre-petition lawsuit stayed against the Debtor as a result of the Debtor filing for Chapter 11 relief. Through the Motion, Movant requests that this Court appoint him counsel to protect and represent his interests in this case. Although the Debtor is sympathetic to the Movant's position, the Motion should be denied because Movant's interests in this case are adequately represented by the Official Committee of Unsecured Creditors (the "**Committee**"). Further, relief is not appropriate because civil litigants do not possess a

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its tax identification number, is as follows: Connections Community Support Programs, Inc. (3030). The address of the Debtor's corporate headquarters is 3812 Lancaster Pike, Wilmington, Delaware 19805.

constitutional or statutory right to the appointment of counsel. For these reasons, the Motion should be denied.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Pursuant to Rule 9013-1(h) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to entry of a final order by the Court in connection with the Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Case and related proceedings is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. On April 19, 2021 (the "**Petition Date**"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").

6. On May 3, 2021, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Committee in this Chapter 11 Case [Docket No. 79]. The Committee is tasked with representing the interests of creditors such as the Movant pursuant to section 1103 of the Bankruptcy Code.

7. Prior to the Petition Date, Movant commenced litigation against the Debtor by filing a complaint in the U.S. District Court for the District of Delaware, C.A. No. 18-1549-CFC (the "**U.S. District Court Case**").

8. On June 7, 2021, the U.S. District Court entered an order staying all proceedings against the Debtor, pursuant to Section 362(a) of the Bankruptcy Code.

9. On August 24, 2021, this Court held a virtual hearing (the "**Hearing**") on Debtor's Motion Pursuant to Federal Rule of Bankruptcy Procedure 9006(b) for an Order Extending the Time to File Notices of Removal of Related Proceedings [Docket No. 320]. During this Hearing, the Court, Debtor's counsel, and counsel for the Committee discussed how to effectively communicate to certain inmates in the care and custody of the State of Delaware that the Committee is representing and protecting their interests in this bankruptcy case. Ultimately, the Committee reported to this Court and Debtor's counsel that it plans to a draft a letter to mail to inmates in the care and custody of the State of Delaware to explain that the is representing and protecting their interests in this bankruptcy case.

## BASIS FOR OBJECTION

10. As acknowledged by the Court at the Hearing, the interests of parties in the custody of the State of Delaware such as the Movant are protected and represented by the Committee and its counsel. During the Hearing, the Committee advised the Court and Debtor's counsel that it was preparing a letter to distribute to Movant and similarly situated parties explaining that the Committee is representing their interests in this bankruptcy case. Therefore, Movant's Motion is unnecessary and should be denied.

11. Additionally, although the Debtor is sympathetic with the Movant's position, it is well settled law in this circuit and others that civil litigants do not possess a constitutional or

statutory right to the appointment of counsel. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (*quoting Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *see also Cephas v. Scarborough*, 2021 U.S. Dist. LEXIS 145781, *1-*2 (D. Del. August 4, 2021); *See, e.g., Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993) ("Appointment of counsel in a civil case is not a constitutional right.") (internal quotations and citations omitted); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir.1990) (same); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.1986) ("There is normally ... no constitutional right to counsel in a civil case.").

12. For these reasons, Movant's Motion for Appointment should be denied.

**WHEREFORE**, the Debtor respectfully requests that the Court deny the Motion and grant any such further relief as the Court deems just and proper.

Dated:  September 10, 2021
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ *Aidan T. Hamilton*
William E. Chipman, Jr. (No. 3818)
Mark L. Desgrosseilliers (No. 4083)
Aidan T. Hamilton (No. 6729)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Facsimile:   (302) 295-0199
Email:   chipman@chipmanbrown.com
desgross@chipmanbrown.com
ahamilton@chipmanbrown.com

*Counsel for the Debtor and Debtor-in-Possession*