# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CONNECTIONS COMMUNITY SUPPORT (MFW) PROGRAMS, INC. | ) ) ) | Case No. 21-10723 |
| | ) | |
| Debtors, | ) | |
| | ) | |
| MARCUS JOHNSON, | ) ) | |
| | ) | |
| Movant, | ) | |
| | ) ) ) ) | |
| v. | ) ) | |
| CONNECTIONS COMMUNITY SUPPORT, PROGRAMS, INC. | ) ) ) | |
| | ) | |
| Respondent. | ) | |

## MOTION OF MARCUS JOHNSON TO MODIFY THE AUTOMATIC STAY TO THE EXTENT OF INSURANCE COVERAGE

**COMES NOW,** Marcus Johnson (the "Movant"), by and through his undersigned counsel, and hereby requests that this Court enter an order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow him to liquidate his claim against the Debtor-Defendant, Connections Community Support Programs, Inc., ("Connections") in the Superior Court of Delaware and to pursue recovery

1

from insurance policies and proceeds (the "Motion"). In support of his Motion, Movant respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this case and this Motion is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §105(a), 362(d), Fed. R. Bankr. P. 4001(a) and 9014, and Del. Bankr. L.R. 4001-1 and 9013-1.

## BACKGROUND

4. On April 19, 2021 (the "Petition Date"), Debtors filed voluntary petitions for relief under 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

5. Debtors are continuing in possession of their businesses and property as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. The Debtors (and specifically Connections) are in the business of providing medical care in the State of Delaware.

7. Upon information and belief, the Debtor, Connections, at the time of

the incident carried insurance qualifying for coverage of this claim with Philadelphia Indemnity Insurance Company through Policy number PHPK2175073.

8. An action in the Superior Court in the State of Delaware was filed on January 5, 2017, captioned <u>Marcus Johnson v. Connections Community Support Programs, Inc.,</u> C.A. No. N16C-12-217 CLS.

9. Philadelphia Indemnity Insurance Company Insurance has coverage in the amount of $1,000,000.00 under an insurance policy owed to the Debtor

10. Plaintiff, Marcus Johnson, has agreed to limit his claim against the Debtor, Connections, to the amount of insurance that is available to the Debtor under the Philadelphia Indemnity Insurance Company Insurance Policy.

11. Plaintiff Marcus Johnson requests that the automatic stay terminate regarding the claim of Marcus Johnson and authorize him to exercise his legal rights under applicable law as to damages and coverage.

## RELIEF REQUESTED

12. Movant respectfully requests that this Court enter an order lifting the automatic stay with respect to pre-petition personal injuries and damages sustained by Movant for the purpose of permitting him to liquidate his claims against Debtor-Defendant in the State Court Action and to pursue recovery of any

judgment or settlement from any insurance programs, policies, and proceeds that may be applicable to his claims, including any self-insurance program.

13. When a petition for bankruptcy is filed, all non-bankruptcy proceedings are automatically stayed pursuant to 11 U.S.C. § 362(a). Under Section 362(d), a party in interest may obtain relief from the automatic stay "for cause." A party opposing a request for relief from a stay bears the burden of proof on all issues other than a debtor's equity in property. 11 U.S.C. § 362(g).

14. Relief from stay motions "are customarily evaluated under the three-factor test articulated in In re Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992), to determine whether:

> (a) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,
> (b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and
> (c) the creditor has a probability of prevailing on the merits."

In re Abeinsa Holding, Inc., 2016 Bankr. LEXIS 3641, at *7 (Bankr. D. Del. Oct. 6, 2016).

## **Prejudice**

15. Here, the Debtor-Defendant will not suffer great prejudice if the Court lifts the stay.

16. Generally, "debtor-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can

serve as a predicate for a recovery against insurers, sureties, or guarantors." <u>In re 15375 Mem'l Corp.</u>, 382 B.R. 652, 690 (Bankr. D. Del. 2008).

17. Upon information and belief, the Debtor-Defendant maintains a sophisticated program to manage its insured liabilities and administer claims such as those alleged by Movant in the State Court Action.

18. By information and belief, Movant's claims are subject to a $50,000.00 self-insured retention/deductible that the Debtor can pay since it is still operating.

19. The defense and/or resolution of the State Court Action will be handled by Debtor-Defendant's insurance defense counsel, and will not involve any of Debtor-Defendant's executive management or otherwise interfere with the instant bankruptcy proceedings.

20. In sum, Movant seeks an adjudication of liability in order to allow Movant to recover from the Debtors' insurance programs, policies, and proceeds that may be applicable to her claims. Movant submits the estates would suffer little prejudice, if at all, and much less than the "great prejudice" the standard requires.

## **Hardship**

21. On the balancing-of-the-hardships factor, Movant will face extreme hardship if the stay is not lifted. If the stay is not lifted, Movant will be unable to recover anything against Connections.

22. Further, Movant continues to experience pain and anguish for which she has not been fully compensated. Additional delay compounds the significant hardship that she has already endured. Among other things, Movant will suffer prejudice from delay due to the "lost time value of money," as well as "the lapse of time in terms of [her] ability to effectively prosecute [her] claims. Witnesses and documents may become unavailable." In re 15375 Mem'l Corp., 382 B.R. at 690.

23. A lift of the stay will not jeopardize any estate assets, as it appears that Debtor-Defendant would not have to expend any funds to defend the State Court Action beyond what is already available through its self-insurance program.

24. If relief is not granted, Movant's hardship will be profound. On the other hand, if relief is granted, Debtors' hardship will be, at most, insignificant.

**Probability of Success on the Merits**

25. The third prong of the Rexene Products' analysis is satisfied by "even a slight probability of success on the merits." In re Continental Airlines, 152 B.R. 420, 425 (D. Del 1993). This factor weighs heavily in Movant's favor.

26. Here, Plaintiff's complaint was in the midst of litigation and has a high likelihood of success.

27. When analyzed under the Rexene factors, the facts demonstrate that cause exists to lift the stay.

28. Several other considerations likewise support a lift of the stay. If

Movant is permitted to proceed with the State Court Action, all of his claims against both the Debtor-Defendant and State Farm would be resolved in one proceeding, which serves the interests of judicial economy. Further, Movant's claims have no substantive connection with the instant bankruptcy proceedings, and will not cause any interference with the proceedings because the defense of the State Court Action would be handled by Debtor-Defendant's insurance program.

29. Movant agrees that Connections shall not be liable for any amount in excess of the policy limits of $1,000,000.00 available to Debtor under the insurance policy issued to Debtor.

**WHEREFORE**, Movant respectfully requests that the Court enter an Order lifting the automatic stay imposed by section 362(a) to permit Movant to prosecute the State Court Action to judgment or settlement and to pursue recovery of any judgment or settlement from the proceeds of any applicable insurance policies/programs.

**THE POLIQUIN FIRM, LLC**

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire (DE No. 4447)
1475 S. Governors Ave.
Dover, Delaware 19904
P: 302-702-5501
F: 302-213-0042
Attorney for Movant

Date: September 15, 2021