**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CONNECTIONS COMMUNITY | ) | Case No. 21-10723 (MFW) |
| SUPPORT PROGRAMS, INC., | ) | |
| | ) | |
| Debtor.[1] | ) | **Hearing Date: January 5, 2022 at 2:00 p.m. (ET)** |
| | ) | **Objections Due: December 29, 2021 at 4:00 p.m. (ET)** |
| | ) | **Related D.I. 543 and 559** |
| | ) | |

**SUPPLEMENTAL RESPONSE OF DON A. BESKRONE, CHAPTER 7 TRUSTEE**
**TO MOTION OF TYRONE MORRIS FOR RELIEF FROM STAY**

Don A. Beskrone, Chapter 7 trustee (the "Trustee") of the above-captioned debtor (the "Debtor"), submits this response (the "Response") (i) to the "Motion for Lift of Stay" (the "Motion") filed by Tyrone Morris ("Morris"), *see* D.I. 543; and (ii) as a supplement to the Trustee's *Omnibus General Objection and Reservation of Rights of Don A. Beskrone, Interim Chapter 7 Trustee, to (I) Motion to Approve Lack of Time to Respond, (II) Motion to Appoint Counsel, and (III) Motion for Relief from Stay*. D.I. 559. Through this Response, the Trustee respectfully requests that the Court deny the Motion insofar as the Motion seeks relief for an alleged underlying claim that does not exist as concerns the Debtor nor is it actionable. As such, the Motion and the relief it seeks should be denied. In support of this Response, the Trustee respectfully represents as follows:

**JURISDICTION AND BACKGROUND**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor in this chapter 7 case, along with the last four digits of its tax identification number, is as follows: Connections Community Support Programs, Inc. (3030).

2.     On April 19, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

3.     On April 26, 2021, the Office of the United States Trustee ("OUST") appointed a Patient Care Ombudsman [D.I. 50].

4.     On May 3, 2021, the OUST appointed the Official Committee of Unsecured Creditors [D.I. 79]

5.     On May 26, 2021, the Debtor filed its Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements") [D.I. 169 and D.I. 170, respectively].  On May 28, 2021, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a) and continued to an open date [D.I. 185].

6.     No trustee or examiner was appointed in the Chapter 11 Case.

7.     On June 14, 2021, the Court entered the *Order (I) Authorizing the Assumption, Assignment, and Sale of Certain Assets to Conexio Care, Inc., Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Medication Assisted Treatment Asset Sale Order") [D.I. 245] and *Order (I) Authorizing the Assumption, Assignment, and Sale of Certain Assets to Conexio Care, Inc., Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Non-Medication Assisted Treatment Asset Sale Order") [D.I. 247].

8.     On September 1, 2021, the Debtor filed a *Motion to Convert Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [D.I. 466]. The Court entered an Order converting this case (the "Case") on September 27, 2021 (the "Conversion Order") [D.I. 537].

9.     On September 27, 2021, the OUST for the District of Delaware appointed Don A. Beskrone to serve as the Interim Chapter 7 Trustee in this Case [D.I 538].  The Trustee continues

in his efforts to investigate the Debtor's assets with the intent of maximizing value for the benefit of creditors. The Trustee has not filed a motion to operate the business of the Debtor pursuant to 11 U.S.C. § 721, and the Debtor currently has no business operations.

10.    A meeting of creditors pursuant to 11 U.S.C. § 341(a) was held and concluded on December 22, 2021. As such, the Trustee now serves as the trustee of the Debtor and its estate pursuant to 11 U.S.C. §702(d).

## MORRIS' MOTION FOR RELIEF FROM STAY

11.    On September 28, 2021, Morris filed his Motion. D.I. 543. Based upon a review of that Motion, it is not entirely clear to the Trustee the relief Morris seeks or why it is necessary. At the outset, Morris states in his Motion, "I've seen where the Bankruptcy courts could lift stays if the (sic) choose. I'm in the middle of a Federal Law suit for cruel and unusual punishment, pain and suffering and mental anguish. The suit is for $400,000 and proper care." *See* Motion, pg. 1. While the Motion makes clear the pendency of his action in federal court (*ie,* the United States District Court for the District of Delaware (the "District Court")),[2] the Motion fails to link that litigation with the Debtor or its estate. And, as explained below, there is reason a nexus between the two lacks in this instance.

12.    Ostensibly, Morris seeks stay relief to pursue the Morris Litigation and, specifically, his claims against Carla Cooper Miller. *See* Motion, pg. 2 ("I'm asking [t]he courts to [l]ift stay so I may proceed with [l]awsuit against Carla Cooper Miller"). But as even Morris acknowledges, the Morris Litigation does not involve the Debtor (or its estate), and hasn't for some time. *Id.* ("I don't understand why my case is involved with [C]onnections [b]ankruptcy case since the courts didn't allow my case against [C]onnections to happen"). To be sure, though

---

[2] *See Morris v. Cooper*, Case No. 18-252 (RGA) (D. Del.) (the "Morris Litigation").

the Debtor was an originally named defendant in the Morris Litigation, Connections was dismissed from that litigation by the District Court. *Morris v. Metzger*, 2019 WL 2269886, at \*4 (D. Del. May 24, 2019) ("the Court will dismiss the claims against Connections for failing to state a claim").[3] And a later attempt by Morris to reinstate Connections as a party defendant was denied as futile. *See Morris v. Cooper*, 2020 WL 4287369, at \*1 (D. Del. July 27, 2020) (denying as futile Morris' motion to amend "to reinstate Connections as a defendant"). As such, Connections is not – and has not been for some time – a defendant in the Morris Litigation.

13.     Under these circumstances, no stay relief is needed or warranted. As the Debtor has been dismissed from (and thus no longer a party to) the Morris Litigation, and because Morris' efforts to reinstate the Debtor as a party have failed, there is no relief to be granted. Indeed, Morris is free to pursue his litigation without the restriction of the automatic stay and, to that end, stay relief is not required. Accordingly, the Trustee respectfully submits that the Court can (and should) deny the Motion as moot or unripe.

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests that this Court deny the Motion, and grant such other relief as the Court deems just and proper.

---

[3] Despite it reflects a different case caption, the case of *Morris v. Metzger* is the same proceeding as the Morris Litigation.

## NOTICE

The Trustee has provided notice of this Objection via first-class mail by serving a copy of the Objection upon: (a) the Office of the United States Trustee; (b) Morris and (c) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

Dated: December 29, 2021
ASHBY & GEDDES, P.A.

 /s/ Ricardo Palacio
Ricardo Palacio (#3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
rpalacio@ashbygeddes.com

*Counsel for Don A. Beskrone,*
*Chapter 7 Trustee*