# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| | ) Case No. 21-10723 (MFW) |
| CONNECTIONS COMMUNITY | ) |
| SUPPORT PROGRAMS, INC., | ) |
| | ) **Hearing Date: Feb. 9, 2022 at 2:00 p.m. (ET)** |
| Debtor. | ) **Objection Deadline: Jan. 14, 2022 at 4:00 p.m. (ET)** |
| | ) |

## MOTION OF JANINE L. GROSSNICKLE, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TIFFANY REEVES, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

COMES NOW, Janine L. Grossnickle, as Personal Representative ("Movant") of the Estate of Tiffany Reeves (the "Estate"), by and through her undersigned counsel, and hereby requests that this Court enter an order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow her to liquidate the Estate's claim against the Debtor, Connections Community Support Programs, Inc. ("Debtor" or "Connections") in the United States District Court for the District of Delaware and to pursue recovery from applicable insurance policies and proceeds (the "Motion"). In support of his Motion, Movant respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this case and this Motion is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §105(a), 362(d), Fed. R. Bankr. P. 4001(a) and 9014, and Del. Bankr. L.R. 4001-1 and 9013-1.

## BACKGROUND

4. Tiffany Reeves ("Reeves") died tragically at the age of 37, on October 8, 2018 after suffering through a weekend of terror and torture while incarcerated for a bench warrant for failure to pay $1,200 in court fines by the Delaware Department of Corrections ("DOC") in Sussex County Correctional Institution in Georgetown, Delaware. Tiffany was maliciously denied necessary medical care for over 3 days, despite her calls for help as she suffered through opiate withdrawal. Ultimately, Tiffany died from cardiac arrhythmia of undetermined etiology, with contributory causes of chronic drug abuse, possible hypersensitivity reaction, and cardiomegaly.

5. Connections had contracted with the DOC to provide medical services to inmates such as Tiffany Reeves in all DOC Level 4 and 5 prisons, including Sussex County Correctional Institution ("SCI").

6. While Connections was the medical care provider to DOC, Connections was obligated by contract and by law to provide medical care to inmates such as Tiffany Reeves, that met standards of skill and care ordinarily employed in any field of medicine for which Connections provided services. Further, Connections was required to meet standards promulgated by the National Commission on Correctional Health Care ("NCCHC"), the American Correctional Association ("ACA"), and DOC's Bureau of Correctional Healthcare Services.

7. Reeves was left untreated for her opiate addiction, leading to a painful and tragic death. A toxicology report was also performed on Tiffany. On the toxicology report dated December 20, 2018, Tiffany was positive for Cocaine, THC, and Methadone.

8. What's worse, a nurse employed by Connections falsified medical records after the fact, and lied to investigators, in order to give the appearance that Reeves received proper medical treatment. That nurse has since been convicted of Falsifying Business Records and Providing a

False Statement to Law Enforcement in an attempt to show that Reeves received medical treatment.[1]

9. Connections knew, or should have known that an inmate with Tiffany's extensive medical history and symptoms could die from complex drug withdrawal and/or an atypical drug reaction.

10. The medical providers of Connections consciously disregarded Tiffany Reeves' right to medical care for a serious medical condition and made the conscious choice to ignore the signs and symptoms that her condition was potentially life threatening, even though it was readily apparent that doing so would probably cause her harm.

11. Janine Grossnickle, the mother of Tiffany Reeves, was appointed representative of her Estate on October 23, 2018, shortly after her passing.

12. On April 19, 2021 (the "Petition Date"), Debtor filed a voluntary petition for relief under 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

13. The Debtor is in the business of providing medical care in the State of Delaware.

14. According to Schedule of Insurance attached to the Motion to Continue Insurance Coverage, the Debtor, at the time of the incident carried insurance qualifying for coverage of this claim with Coverys Insurance, through Policy number ending in 7455 ("Coverys Insurance Policy").[2]

15. An action is currently pending before the United State District Court for the District

---

[1] True and correct copies of articles published by Delaware Online, dated August 27, 2021, and WDEL, dated August 28, 2021, are collectively attached hereto as Exhibit A.

[2] *See* Schedule of Insurance attached to the Motion of the Debtor for Entry of Interim and Final Orders Authorizing the Debtor to (i) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto; (ii) Renew, Amend Supplement, Extend, or Purchase Insurance Policies; (iii) Honor the Terms of the Premium Financing Agreement and Pay Premiums Thereunder; and (iv) Enter into New Premium Financing Agreements in the Ordinary Course of Business ("Motion to Continue Insurance Coverage"), filed April 20, 2021 [D.I. 8]. The Schedule of Insurance is attached hereto as Exhibit B.

of Delaware, captioned *Janine Grossnickle, as Representative of the Estate of Tiffany Reeves v. Connections Community Support Programs, Inc., et al.*, C.A. No. 1:21-cv-00715-SB ("Delaware Action").[3]

16. Movant agrees to limit the Estate's claim against the Debtor to the amount of insurance available to the Debtor under applicable insurance proceeds, including the Coverys Insurance Policy.

17. Movant requests that the automatic stay terminate regarding the claim of the Estate so that Movant is authorized to exercise her legal rights under applicable law as to damages and coverage.

**RELIEF REQUESTED AND REASONS THEREFOR**

18. Movant requests relief from the automatic stay of 11 U.S.C. § 362(a), so that she may prosecute the Delaware Action to conclusion. Movant agrees to limit the Estate's recovery from the Debtor to available insurance proceeds.

19. Section 362(d)(1) of the Bankruptcy Code provides:

>  (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay …
>
>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
>   (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
>     (A) the debtor does not have an equity in such property; and
>
>     (B) such property is not necessary to an effective reorganization.

---

[3] A true and correct copy of the Complaint filed in the Delaware Superior Court is attached hereto as Exhibit C. The case was subsequently removed to the United States District Court for the District of Delaware.

20. "Generally, in the determination of 'cause,' section 362(g) is interpreted as placing an initial burden on the moving party to establish its prima facie case which must then be rebutted by the party opposing such relief." *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 577 (Bankr. D. Del. 1992).

21. As this Court has explained,

> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case."
>
> The legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."

*Rexene Prods.*, 141 B.R. at 576 (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

22. Courts conduct a "fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 857-58 (Bankr. D. Del. 2007). This Court has considered three factors when balancing the competing interests of debtor and movant:

    a. The prejudice to either the bankruptcy estate or the debtor that would result should the stay be lifted;

    b. Any hardships facing the movant and debtor should the stay be maintained; and

    c. The movant's probability of success if the stay is lifted.

*Santa Fe Minerals v. BEPCO. L.P. (In re 15375 Memorial Corp.)*, 382 B.R. 652, 686 (Bankr. D. Del. 2008) (citing *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993)); *Rexene Prods.*, 141 B.R. at 576, *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009).

23. This Court, in the *Continental Airlines* decision referred to above, set forth the following framework for analyzing motions for relief from automatic stay:

> There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the Movants. In balancing the competing interests of the debtor and the Movants, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. *See Int'l Business Machines v. Fernstrom Storage & Van Co.* (*In re Fernstrom Storage & Van Co.*) 938 F. 2d 731, 734-37 (7th Cir. 1991).

*In Re Continental Airlines,* 152 B.R. at 424.

24. Application of the standards set forth in the case law here weighs in favor granting stay relief. There is manifest prejudice to the Estate if Movant is not permitted to pursue the Delaware Action against available insurance proceeds.

25. By contrast, there would be no prejudice to the Debtor if the automatic stay is lifted. Generally, "debtor-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors*." In re 15375 Mem'l Corp.*, 382 B.R. 652, 690 (Bankr. D. Del. 2008).

26. Moreover, adjudication of Movant's claims in a commercial bankruptcy such as this would have no discernable effect on the administration of the Debtor's cases, particularly as the Movant has agreed to limit the Estate's recovery from the Debtor to available insurance. This is especially true given that the Debtor is liquidating its assets in a Chapter 7 case and not reorganizing under a Chapter 11 case.

27. On the balancing-of-the-hardships factor, Movant will face extreme hardship if the

stay is not lifted. If the stay is not lifted, Movant may not be able to recover against Connections, or would recover a *de minimis* amount.

28. Further, additional delay compounds the significant hardship that the Estate has already endured as a result of the tragic death of Tiffany Reeves. Among other things, Movant will suffer prejudice from delay due to the "lost time value of money," as well as "the lapse of time in terms of [her] ability to effectively prosecute [her] claims. Witnesses and documents may become unavailable." *In re 15375 Mem'l Corp.*, 382 B.R. at 690.

29. A lift of the stay will not jeopardize any estate assets, as it appears that Debtor would not have to expend any funds to defend the Delaware Action beyond what is already available through its self-insurance program.

30. If relief is not granted, Movant's hardship will be profound. On the other hand, if relief is granted, Debtor's hardship will be, at most, insignificant.

31. As to probability of success on the merits, this Court need not conduct a 'mini-trial' to determine the merits of the case, even in fairly complex cases. *In re Adelphia Commun. Corp.*, 285 B.R. 580, 595 (Bankr. S.D.N.Y. 2002) *vacated*, 298 B.R. 249 (S.D.N.Y. 2003) ("The fact that allegations have not been proven is more than a 'technical consideration [ ],' and this Court, like most bankruptcy courts, is ill-suited to conducting mini-trials on insureds' culpability incident to determining their entitlement to relief from stay on access to the D & O policy proceeds that were put in place, at least in part, to help them in litigation to determine that very issue."). Rather, this prong merely requires a showing that the cause of action has some merit.

32. In this case, Tiffany Reeves tragically died as a result of the gross negligence and willful misconduct of Connections. The nurse employed by Connections at Sussex Correctional Institution was convicted of Falsifying Business Records and Providing a False Statement to Law

Enforcement in an attempt to hide that Reeves did not receive proper medical treatment. This was done to cover-up the gross misconduct by Connections. There is little doubt that the Movant's injuries were the result of the negligence and willful misconduct of Connections, a named defendant in the Delaware Action.

## NOTICE/PRIOR REQUEST FOR RELIEF

33. Notice of this Motion is being provided to counsel to: (i) the Debtor; (ii) the United States Trustee; and (iii) those individuals and entities requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

34. No prior request for the relief sought herein has been made.

35. Accordingly, Movant respectfully submits that she has satisfied all of the requirements of the *Rexene* analysis. Relief from the automatic stay should therefore be entered by the Court.

## CONCLUSION

WHEREFORE, the Movant respectfully requests entry of an order, in substantially the form attached, (1) granting her relief from the automatic stay of 11 U.S.C. §362(a) to permit recovery from the applicable Debtor's insurance proceeds, along with any subsequent litigation as needed, and (2) granting such further relief as may be appropriate.

Dated: December 29, 2021                          FISHERBROYLES, LLP

                                                        */s/ Carl D. Neff*
                                                        Carl D. Neff (No. 4895)
                                                        Brandywine Plaza West
                                                        1521 Concord Pike, Suite 301
                                                        Wilmington, DE 19803
                                                        Telephone: (302) 482-4244
                                                        Email: carl.neff@fisherbroyles.com

*Counsel for Janine L. Grossnickle, as Personal Representative of the Estate of Tiffany Reeves*