IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CONNECTIONS COMMUNITY | ) | Case No. 21-10723 (MFW) |
| SUPPORT PROGRAMS, INC., | ) | |
| | ) | Hearing Date: May 4, 2022 at 2:00 p.m. (ET) |
| | ) | Objection Deadline: April 27, 2022 at 4:00 p.m. (ET) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION OF JOANNE W. HUTCHISON AND WAYNE HUTCHISON FOR RELIEF FROM STAY UNDER SECTION 362 OF THE <u>BANKRUPTCY CODE</u>

COME NOW, Joanne W. Hutchison and Wayne Hutchison, individually, and as Personal Representatives ("Movants") of the Estate of James W. Hutchison ("Estate"), by and through their undersigned counsel, and hereby request that this Court enter an order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow them to liquidate their individual claims and the Estate's claim against the Debtor, Connections Community Support Programs, Inc. ("Debtor" or "Connections") in the United States District Court for the District of Delaware and to pursue recovery from applicable insurance policies and proceeds. In support of their Motion, Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.§§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this case and this Motion is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §105(a), 362(d), Fed. R. Bankr. P. 4001(a) and 9014, and Del. Bankr. L.R. 4001-1 and 9013-1.

## BACKGROUND

4. Movants contend that prison medical providers employed by the Debtor were negligent in treating James W. Hutchison, son of the Movants, for opiate and alcohol withdrawal at Howard R. Young Correctional Institution in Wilmington, DE on July 27, 2018. The negligence of these medical providers caused James Hutchison to collapse and die a preventable death in his cell on July 31, 2018.

5. Movants filed the civil action, *JOANNE W. HUTCHISON, individually and as Administratrix of the ESTATE OF JAMES W. HUTCHISON, and WAYNE HUTCHISON, individually, v CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., PERRY PHELPS, MARC RICHMAN, and*

*KOLAWOLE AKINBAYO*, C.A. No. N20C-01-061 DCS, in the Delaware Superior Court ("wrongful death action") on January 8, 2020, seeking damages for the negligence and misconduct of the Debtor's employees. Subsequently their personal injury wrongful death action was removed to the U. S. District Court for the District of Delaware as Civil Action No. 20-227-LPS.

6. On January 8, 2020, when Movants made a formal claim against the Debtor, the Debtor was covered by a professional and general liability insurance policy with Pro-Praxis Insurance, underwritten by Lloyd's of London, Certificate No. AH300281, providing $1,000,000 in "claims made" coverage per occurrence and $3,000,000 in annual aggregate coverage. ("Pro-Praxis Insurance Policy") 1 The policy specifies that, "The **Insurer** shall not be relieved of any of its obligations under this Policy by the bankruptcy or insolvency of any of the **Insureds** or any of their estates." See Section **IV CONDITIONS (P.) Insolvency of Insured.**

7. On information and belief, the Pro-Praxis policy is applicable to the Movants' personal injury and wrongful death claims and its proceeds are available to cover an award to the Movants for such injuries. Movants agree to limit their claims against the Debtor to the extent of the available per occurrence insurance coverage. There would be no prejudice to the estate or the Debtor if the relief from stay is granted, therefore Movants request that the automatic stay terminate

regarding their individual claims, and the claim of the Estate, so that Movants are authorized to exercise their legal rights under applicable law as to damages and coverage.

## **RELIEF REQUESTED AND REASONS THEREFOR**

8. Movants request relief from the automatic stay of 11 U.S.C. § 362(a), so that they may prosecute the Delaware Action to conclusion. Movants agree to limit the individual and estate recoveries from the Debtor to available insurance proceeds.

9. Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay ...
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
>> A. the debtor does not have an equity in such property; and
>>
>> B. such property is not necessary to an effective reorganization.

10. "Generally, in the determination of cause, section 362(g) is interpreted as placing an initial burden on the moving party to establish its prima facie case

which must then be rebutted by the party opposing such relief." *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 577 (Bankr. D. Del. 1992).

11. As this Court has explained,

> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case."
>
> The legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."

*Rexene Prods.*, 141 B.R. at 576 (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

12. Courts conduct a "fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 857-58 (Bankr. D. Del. 2007). This Court has considered three factors when balancing the competing interests of debtor and movant:

   a. The prejudice to either the bankruptcy estate or the debtor that would result should the stay be lifted;

   b. Any hardships facing the movant and debtor should the stay be maintained; and

   c. The movant's probability of success if the stay is lifted.

*Santa Fe Minerals v. BEPCO. L.P. (In re 15375 Memorial Corp.*), 382 B.R. 652,

686 (Bankr. D. Del. 2008) (citing *In re Continental Airlines, Inc.*, 152 B.R. 420,

424 (D. Del. 1993)); *Rexene Prods.*, 141 B.R. at 576, *rev'd on other grounds*, 400

B.R. 420 (D. Del. 2009).

    13.    This Court, in the *Continental Airlines* decision referred to above, set forth the following framework for analyzing motions for relief from automatic stay:

> There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the Movants. In balancing the competing interests of the debtor and the Movants, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. *See Int'l Business Machines v. Fernstrom Storage & Van Co.* (*In re Fernstrom Storage & Van Co.*) 938 F. 2d 731, 734-37 (7th Cir. 1991).

*In Re Continental Airlines,* 152 B.R. at 424.

    14.    Application of the standards set forth in the case law here weighs in favor granting stay relief. There is manifest prejudice to the Movants if they are not permitted to pursue the Delaware Action against available insurance proceeds.

    15.    By contrast, there would be no prejudice to the Debtor if the automatic stay is lifted. Generally, "debtor-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that

can serve as a predicate for a recovery against insurers, sureties, or guarantors.*" In re 15375 Mem'l Corp.*, 382 B.R. 652, 690 (Bankr. D. Del. 2008).

16. Moreover, adjudication of Movant's claims in a commercial bankruptcy such as this would have no discernable effect on the administration of the Debtor's cases, particularly as the Movants have agreed to limit their recovery from the Debtor to available insurance. This is especially true given that the Debtor is liquidating its assets in a Chapter 7 case and not reorganizing under a Chapter 11 case.

17. On the balancing-of-the-hardships factor, Movants will face extreme hardship if the stay is not lifted. If the stay is not lifted, Movants may not be able to recover against Connections, or would recover a *de minimis* amount.

18. Further, additional delay compounds the significant hardship that the Movants have already endured as a result of the tragic death of their son, James W. Hutchison. Among other things, Movants will suffer prejudice from delay due to the "lost time value of money," as well as "the lapse of time in terms of [their] ability to effectively prosecute [their] claims. Witnesses and documents may become unavailable." *In re 15375 Mem'l Corp.*, 382 B.R. at 690.

19. A lift of the stay will not jeopardize any estate assets, as it appears that Debtor would not have to expend any funds to defend the wrongful death action beyond what is already available through its self-insurance program.

20. If relief is not granted, Movant's hardship will be profound. On the other hand, if relief is granted, Debtor's hardship will be, at most, insignificant.

21. As to probability of success on the merits, this Court need not conduct a 'mini-trial' to determine the merits of the case, even in fairly complex cases. *In re Adelphia Commun. Corp.*, 285 B.R. 580, 595 (Bankr. S.D.N.Y. 2002) *vacated*, 298 B.R. 249 (S.D.N.Y. 2003) ("The fact that allegations have not been proven is more than a 'technical consideration [ ],' and this Court, like most bankruptcy courts, is ill-suited to conducting mini-trials on insureds' culpability incident to determining their entitlement to relief from stay on access to the D & O policy proceeds that were put in place, at least in part, to help them in litigation to determine that very issue."). Rather, this prong merely requires a showing that the cause of action has some merit.

22. In this tragic case, James W. Hutchison died after prison medical providers employed by the Debtor, failed to treat him for opiate and alcohol withdrawal at Howard R. Young Correctional Institution in Wilmington, DE, causing him to collapse and die a preventable death in his cell on July 31, 2018. It has already been proven that Movants' complaint against Debtor has some merit. Movants provided the court an affidavit of merit when filing their complaint against debtors in the Delaware Superior Court, as required by 18 Del. C. § 6853,

and the case was progressing in Delaware District Court when Debtor filed for bankruptcy.

## NOTICE/PRIOR REQUEST FOR RELIEF

23. Notice of this Motion is being provided to the United States Trustee pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

24. No prior request for the relief sought herein has been made.

25. Accordingly, Movants respectfully submit that they have satisfied all of the requirements of the *Rexene* analysis. Relief from the automatic stay should therefore be entered by the Court.

## CONCLUSION

26. WHEREFORE, the Movant respectfully requests entry of an order, in substantially the form attached, (1) granting her relief from the automatic stay of 11 U.S.C. §362(a) to permit recovery from the applicable Debtor's insurance proceeds, along with any subsequent litigation as needed, and (2) granting such further relief as may be appropriate.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

April 18, 2022                     GRADY & HAMPTON, LLC

/s/ Stephen A. Hampton
Stephen A. Hampton, Esq. (# 2451)
6 N. Bradford Street
Dover, DE 19904
Telephone 302- 678- 1265
Email: sahampton@gradyhampton.com

Counsel for Joanne W. Hutchison and
Wayne Hutchison, individually, and
as Personal Representatives of the
Estate of James W. Hutchison.