# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CONNECTIONS COMMUNITY | ) | Case No. 21-10723 (MFW) |
| SUPPORT PROGRAMS, INC., | ) | |
| | ) | **H**earing Date: May 18, 2022 at 2:00 p.m. (ET) |
| | ) | **Objection Deadline: May 11, 2022 at 4:00 p.m. (ET)** |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION OF CHARLENE GREEN
## FOR RELIEF FROM STAY UNDER SECTION 362 OF THE
## <u>BANKRUPTCY CODE</u>

COME NOW, Charlene Green, individually, and as Personal Representative ("Movant") of the Estate of Julius S. Johnson ("Estate"), by and through her undersigned counsel, and hereby request that this Court enter an order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow her to liquidate her individual claims and the Estate's claim against the Debtor, Connections Community Support Programs, Inc. ("Debtor" or "Connections") in the United States District Court for the District of Delaware and to pursue recovery from applicable insurance policies and proceeds. In support of her Motion, Movant respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28

U.S.C.§§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §

157(b)(2).

2.      Venue of this case and this Motion is proper in this Court pursuant to

28 U.S.C. §§1408 and 1409.

3.      The statutory predicates for the relief requested in this Motion are 11

U.S.C. §105(a), 362(d), Fed. R. Bankr. P. 4001(a) and 9014, and Del. Bankr. L.R.

4001-1 and 9013-1.

## BACKGROUND

4.      Movant contends that prison medical providers employed by the

Debtor were negligent in treating Julius S. Johnson, son of the Movant, for

paraplegia and significant pressure wound on his buttocks and sacrum at James T.

Vaughn Correctional Center, Smyrna, DE.  The negligence of these medical

providers led to Mr. Johnson's death July 4, 2018.

5.      Movant filed the civil action, *CHARLENE GREEN, individually and*

*as Administratrix of the ESTATE OF JULIUS S. JOHNSON v. CONNECTIONS*

*COMMUNITY SUPPORT PROGRAMS, INC., HERMAN ELLIS, DANA*

*METZGER, and MARC RICHMAN,* C.A. No. K21C-03-034 JJC, in the Delaware

Superior Court ("wrongful death action") on March 23, 2021, seeking damages for

the negligence and misconduct of the Debtor's employees. Subsequently their personal injury wrongful death action was removed to the U. S. District Court for the District of Delaware as Civil Action No. 21-660-MN-SRF.

6.     On March 23, 2021, when Movant made a formal claim against the Debtor, the Debtor was covered by a professional and general liability insurance policy with Philadelphia Indemnity Insurance Company Policy No. PHPK2175073 (Policy), providing $1,000,000 in "claims made" coverage per occurrence and $3,000,000 in annual aggregate coverage. Policy attachment PI-HS-004 states in SECTION IV-CONDITIONS, subpart A, that "(b)ankruptcy or insolvency of the insured or insured's estate will not relieve us of our obligations under this Coverage Part

7.     On information and belief, the Philadelphia Indemnity Insurance Company Policy, is applicable to the Movant's personal injury and wrongful death claims and its proceeds are available to cover an award to the Movant for such injuries. Movant agrees to limit her claims against the Debtor to the extent of the available per occurrence insurance coverage. There would be no prejudice to the estate or the Debtor if the relief from stay is granted, therefore Movant requests that the automatic stay terminate regarding her individual claims, and the claim of the Estate, so that Movant is authorized to exercise her legal rights under applicable law as to damages and coverage.

## **RELIEF REQUESTED AND REASONS THEREFOR**

8.      Movant requests relief from the automatic stay of 11 U.S.C. § 362(a),

so that she may prosecute the Delaware Action to conclusion. Movant agrees to

limit the individual and estate recoveries from the Debtor to available insurance

proceeds.

9.      Section 362(d)(1) of the Bankruptcy Code provides:

   (d)   On request of a party in interest and after notice and a hearing, the
         court shall grant relief from the stay provided under subsection (a)
         of this section, such as by terminating, annulling, modifying, or
         conditioning such stay ...


   (1)   for cause, including the lack of adequate protection
         of an interest in  property of such party in interest;

   (2)   with respect to a stay of an act against property under subsection
         (a) of this section, if –

             A. the debtor does not have an equity in such property; and

             B. such property is not necessary to an effective
             reorganization.

10.      "Generally, in the determination of cause, section 362(g) is interpreted

as placing an initial burden on the moving party to establish its prima facie case

which must then be rebutted by the party opposing such relief." *Izzarelli v. Rexene*

*Prods. Co. (In re Rexene Prods. Co.*), 141 B.R. 574, 577 (Bankr. D. Del. 1992).

11.      As this Court has explained,

The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case."

The legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."

*Rexene Prods.*, 141 B.R. at 576 (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

12.   Courts conduct a "fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 857-58 (Bankr. D. Del. 2007). This Court has considered three factors when balancing the competing interests of debtor and movant:

   a.  The prejudice to either the bankruptcy estate or the debtor that would result should the stay be lifted;

   b.   Any hardships facing the movant and debtor should the stay be maintained; and

   c.  The movant's probability of success if the stay is lifted.
*Santa Fe Minerals v. BEPCO. L.P. (In re 15375 Memorial Corp.)*, 382 B.R. 652, 686 (Bankr. D. Del. 2008) (citing *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993)); *Rexene Prods.*, 141 B.R. at 576, *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009).

13.     This Court, in the *Continental Airlines* decision referred to above, set

forth the following framework for analyzing motions for relief from automatic

stay:

> There is no rigid test for determining whether sufficient cause exists to
> modify an automatic stay. Rather, in resolving motions for relief for "cause"
> from the automatic stay courts generally consider the policies underlying the
> automatic stay in addition to the competing interests of the debtor and the
> Movants. In balancing the competing interests of the debtor and the
> Movants, Courts consider three factors: (1) the prejudice that would be
> suffered should the stay be lifted; (2) the balance of the hardships facing the
> parties; and (3) the probable success on the merits if the stay is lifted. *See
> Int'l Business Machines v. Fernstrom Storage & Van Co.* (*In re Fernstrom
> Storage & Van Co.*) 938 F. 2d 731, 734-37 (7th Cir. 1991).

*In Re Continental Airlines,* 152 B.R. at 424.

14.     Application of the standards set forth in the case law here weighs in

favor granting stay relief. There is manifest prejudice to the Movants if they are not

permitted to pursue the Delaware Action against available insurance proceeds.

15.     By contrast, there would be no prejudice to the Debtor if the

automatic stay is lifted. Generally, "debtor-defendants suffer little prejudice when

they are sued by plaintiffs who seek nothing more than declarations of liability that

can serve as a predicate for a recovery against insurers, sureties, or guarantors*." In

re 15375 Mem'l Corp.*, 382 B.R. 652, 690 (Bankr. D. Del. 2008).

16.     Moreover, adjudication of Movant's claims in a commercial

bankruptcy such as this would have no discernable effect on the administration of

the Debtor's cases, particularly as the Movant has agreed to limit her recovery

from the Debtor to available insurance. This is especially true given that the Debtor is liquidating its assets in a Chapter 7 case and not reorganizing under a Chapter 11 case.

17.     On the balancing-of-the-hardships factor, Movant will face extreme hardship if the stay is not lifted. If the stay is not lifted, Movant may not be able to recover against Connections, or would recover a *de minimis* amount.

18.     Further, additional delay compounds the significant hardship that the Movant has already endured as a result of the tragic death of her son, Julius S. Johnson. Among other things, Movant will suffer prejudice from delay due to the "lost time value of money," as well as "the lapse of time in terms of [her] ability to effectively prosecute [her] claims. Witnesses and documents may become unavailable." *In re 15375 Mem'l Corp.*, 382 B.R. at 690.

19.     A lift of the stay will not jeopardize any estate assets, as it appears that Debtor would not have to expend any funds to defend the wrongful death action beyond what is already available through its self-insurance program.

20.     If relief is not granted, Movant's hardship will be profound. On the other hand, if relief is granted, Debtor's hardship will be, at most, insignificant.

21.     As to probability of success on the merits, this Court need not conduct a 'mini-trial' to determine the merits of the case, even in fairly complex cases. *In re Adelphia Commun. Corp.*, 285 B.R. 580, 595 (Bankr. S.D.N.Y. 2002) *vacated*,

298 B.R. 249 (S.D.N.Y. 2003) ("The fact that allegations have not been proven is more than a 'technical consideration [ ],' and this Court, like most bankruptcy courts, is ill-suited to conducting mini-trials on insureds' culpability incident to determining their entitlement to relief from stay on access to the D & O policy proceeds that were put in place, at least in part, to help them in litigation to determine that very issue."). Rather, this prong merely requires a showing that the cause of action has some merit.

22.     In this tragic case, Julius S. Johnson died after prison medical providers employed by the Debtor, were negligent in treating him for paraplegia and significant pressure wound on his buttocks and sacrum at James T. Vaughn Correctional Center in Smyrna, DE, causing him to die a preventable death on July 4, 2018. It has already been proven that Movant's complaint against Debtor has some merit. Movant provided the court an affidavit of merit when filing her complaint against debtors in the Delaware Superior Court, as required by 18 Del. C. § 6853, and the case was progressing in Delaware District Court when Debtor filed for bankruptcy.

**NOTICE/PRIOR REQUEST FOR RELIEF**

23.     Notice of this Motion is being provided to the United States Trustee pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

24.     No prior request for the relief sought herein has been made.

25.     Accordingly, Movant respectfully submits that they have satisfied all of the requirements of the *Rexene* analysis. Relief from the automatic stay should therefore be entered by the Court.

## **CONCLUSION**

26.     WHEREFORE, the Movant respectfully requests entry of an order, in substantially the form attached, (1) granting her relief from the automatic stay of 11 U.S.C. §362(a) to permit recovery from the applicable Debtor's insurance proceeds, along with any subsequent litigation as needed, and (2) granting such further relief as may be appropriate.

May 2, 2022                                   **GRADY & HAMPTON, LLC**

/s/ Stephen A. Hampton
Stephen A. Hampton, Esq. (# 2451)
6 N. Bradford Street
Dover, DE 19904
Telephone 302- 678- 1265
Email: sahampton@gradyhampton.com

*Counsel for Charlene Green*
*individually, and as Personal*
*Representative of the Estate of Julius*
*S. Johnson*