# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., <br><br> Debtor.[1] | Chapter 7 <br><br> Case No. 21-10723 (MFW) <br><br> **Obj. Deadline: November 1, 2022 at 4:00 p.m. (ET)** <br> **Hearing Date: November 9, 2022 at 2:00 p.m. (ET)** |

## MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 COMPELLING RECORDS FROM QUALIFACTS SYSTEMS, LLC

Don A. Beskrone, the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, hereby moves the Court (the "Motion"), pursuant to Rule 2004 ("Rule 2004") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, directing Qualifacts Systems, LLC ("Qualifacts") to provide certain records related to the Debtor's accounts receivables and potential claims with respect thereto. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court (the "Court") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its tax identification number, is as follows: Connections Community Support Programs, Inc. (3030). The address of the Debtor's corporate headquarters was 3812 Lancaster Pike, Wilmington, Delaware 19805.

2. The statutory predicates for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2004, and Local Rule 2004-1.

## BACKGROUND

### A. General Background

3. April 19, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Chapter 11 Case") under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. Prior to the Petition Date, the Debtor was the in the business of, among other things, providing health care and treatment for substance use and mental health disorders for thousands of patients.

5. On May 3, 2021, the Office of the United States Trustee (the "OUST") appointed an Official Committee of Unsecured Creditors [D.I. 79].

6. On May 26, 2021, the Debtor filed its Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements") [D.I. 169 and D.I. 170, respectively]. On May 28, 2021, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a) and continued to an open date [D.I. 185].

7. On June 14, 2021, the Court entered the *Order (I) Authorizing the Assumption, Assignment, and Sale of Certain Assets to Conexio Care, Inc., Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Medication Assisted Treatment Asset Sale Order") [D.I. 245] and *Order (I) Authorizing the Assumption, Assignment, and Sale of Certain Assets to Conexio Care, Inc., Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Non-Medication Assisted Treatment Asset Sale Order", and together with the Medication Assisted Treatment Asset Sale

Order, the "Conexio Sale Orders"), both of which effected a transfer of certain assets and operations of the Debtor to Conexio Care, Inc. ("Conexio") [D.I. 247]. Prior to closing, the Medication Assisted Treatment transaction was assigned by Conexio to its wholly-owned subsidiary, which purchased the associated Medication Assisted Treatment assets from the Debtor. These sales, as reflected in the Conexio Sales Orders, represented the disposition of a significant portion, but not all, of the Debtor's assets.

8. On September 27, 2021, the Debtor filed a *Motion to Convert Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [D.I. 466]. The Court entered an Order (the "Conversion Order") converting this case (the "Case") on September 27, 2021 (the "Conversion Date"). S*ee* D.I. 537.

9. On September 27, 2021, the OUST for the District of Delaware appointed Don A. Beskrone to serve as the Interim Chapter 7 Trustee in this Case [D.I 538]. On December 22, 2021, a meeting of creditors as required by 11 U.S.C. § 341 was held and concluded. Mr. Beskrone thus serves as the Trustee of the Debtor nd its Estate under 11 U.S.C. § 702(d).

10. The Trustee is working with his accountants to more completely reconstruct the Debtor's financial picture and identify material transactions with respect to potential claims that could lead to recovery of assets for the benefit of the Debtor's estate, including certain accounts receivable claims (the "A/R Claims").

11. However, information necessary to complete this analysis is missing from the Debtor's books and records, including records and/or information necessary to review and support the A/R Claims (the "A/R Information"). The Trustee understands that Qualifacts is a custodian of A/R Information relevant to the A/R Claims, including, without limitation, accounts receivable aging reports with the following categories of information (collectively, the "Requested Records"):

(a) Insurance Name;

(b) Patient ID;

(c) Patient DOB;

(d) Diagnosis;

(e) CPT;

(f) Date of Service;

(g) Charge Amount;

(h) Paid Amount by Insurance;

(i) Paid Amount by Patient;

(j) Adjustments (includes contractual adjustments);

(k) Balance; and

(l) Account Status (examples: patient responsibility, denied for no authorization, pending additional information, service not included in the contract, etc.)

12. The Trustee, via his counsel, has requested the Requested Records from Qualifacts, via its counsel, and understands Qualifacts is amenable to cooperating with the Trustee. However, in order to produce the Requested Records, Qualifacts will require a Court order authorizing and requiring it to do so and also to provide certain protections for, among other things, information that may be disclosed with respect to the Debtor's former patients.

## RELIEF REQUESTED

**A. Production of the Requested Records is necessary for the administration of the Debtor's estate and appropriate under Rule 2004.**

13. By this Motion, the Trustee requests entry of an order pursuant to Bankruptcy Rule 2004 requiring Qualifacts to produce the Requested Records relevant to the Trustee's A/R Claims, subject to certain protections of patient records consistent with section 2.64 of Title 42 the United States Code of Federal Regulations.

14. Rule 2004 provides that, upon the motion of a party in interest, a court may order the examination of the Debtor or any party in interest. Rule 2004 provides, in pertinent part, as follows:

> a) *Examination on Motion.* On Motion of any party in interest, the Court may order the examination of any entity.
>
> b) *Scope of Examination.* The examination of any entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .
>
> c) *Compelling Attendance and Production of Documents.* The attendance of an entity for examination and the production of documents . . . may be compelled in the manner provided in Rule 9016 for the attendance of a witness at a hearing or trial. . . .

Fed. R. Bankr. P. 2004(a)-(c).

15. "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). Proper goals of Rule 2004 examinations include "'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citation omitted)); *see also ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 270 n.6 (S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a trustee in a bankruptcy proceeding to 'learn quickly about the debtor entity' so that he or she may 'maximize the realization of the debtor's estate' and 'discover the existence and location of assets of the estate.'") (citations omitted).

16. "Third parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). Thus, "[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery

of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *Ionosphere Clubs, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). "The scope of a Rule 2004 examination is 'unfettered and broad.'" *Wash. Mut.*, 408 B.R. at 49 (quoting *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)). Indeed, the scope and breadth of Rule 2004 have been described as "in the nature of a 'fishing expedition.'" *Id*.

17. The Trustee's request to Qualifacts to produce the Requested Records falls squarely within the parameters of Bankruptcy Rule 2004, as it relates to the "property or to the liabilities and financial condition of the debtor," and the requested A/R Information vitally concerns and affects the administration of the Debtor's estate. Fed. R. Bankr. P. 2004(b). The records are necessary to, among other things, ascertain and provide supporting documents for potential A/R Claims and possibly other claims. Absent this information, the Trustee's ability to investigate and prosecute causes of action on behalf of the Debtor's estate will be restricted and unduly prejudiced.

18. The Trustee and his professionals have attempted to obtain such documents through alternative avenues, including the Debtor's own books and records and/or from Conexio. Moreover, the documents are not complex or innumerable, nor will their production by Qualifacts be unduly burdensome. Accordingly, the Trustee submits that good cause exists for the Court to grant the Motion and enter the attached form of order, compelling Qualifacts to produce the Requested Records.

**B.      Protections for production of patient records**

19. Production of the Requested Records may entail production of certain medical records ("Patient Records") of the Debtor's former patients. But nothing about that production or

access to information is inappropriate. The information the Trustee seeks relates to prior patients of the Debtor. Such information was gathered in the ordinary course of the Debtor's operations and, thus, is property of the Debtor's estate. And ultimately, the Trustee needs that information/property to administer the estates. In any event, this Court may authorize its production. Under section 2.64 of Title 42 of the Code of Federal Regulations, a court may authorize disclosure of Patient Records when necessary for purposes of a civil action, subject to certain protections. The regulation provides in relevant part:

> An order under this section may be entered only if the court determines that good cause exists.
> To make this determination the court must find that:
> (1) Other ways of obtaining the information are not available or would not be effective; and
> (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.
>
> … An order authorizing disclosure must:
> (1) Limit disclosure to those parts of the patient's record which are essential to fulfill the objective of the order;
> (2) Limit disclosure to those persons whose need for information is the basis for the order; and
> (3) Include such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services; for example, sealing from public scrutiny the record of any proceeding for which

42 C.F.R § 2.64 (d)(e).

20. In accordance with section 2.64 of Title 42 the Code of Federal Regulations, to the extent the Requested Records include Patient Records, the Trustee proposes the following provisions to protect sensitive patient information:

(i) Disclosure of Patient Records, if any, shall be limited to instances where disclosure is essential for the Trustee to investigate, pursue and/or provide evidentiary support for the A/R Claims;

(ii) Absent further Court order, disclosure of Patient Records, if any, shall be limited to the Trustee, his professionals and any third party identified by the Trustee who executes a confidentiality agreement;

(iii) To the extent the Trustee shares Requested Records with any third party, including a defendant or potential defendant with respect to an A/R Claim, he shall, prior to sharing such documents, redact Patient Records to the extent such records provide patient identifying information; and

(iv) To the extent the Trustee seeks to use any Requested Records in a publicly filed document or public hearing, he must first obtain a Court order permitting him to seal and/or redact any Patient Records to the extent such records include any patient identifying information. The Trustee shall provide any affected patients and Qualifacts with prior notice of any motion seeking authority to file Patient Records under seal and/or in redacted format.

21. Under the circumstances presented, the Trustee meets the criteria not only for entry of an order authorizing production of the Requested Records pursuant to Rule 2004, but also Code of Federal Regulations section 2.64. First, as required by the regulation, the Requested Records are not available from other sources. Second, to the extent the Requested Records include Patient Records, patients will be protected by the above provisions that limit disclosure of patient identifying information and by limiting the Trustee's use of Patient Records to purposes essential to the Trustee's pursuit of the A/R Claims. Accordingly, there should be little, if any, prejudice to any patients, physician-patient relationships or treatment services. In contrast, the information contained in the Requested Records is vital and necessary to the Trustee's pursuit of the A/R Claims.

## CERTIFICATION OF CONFERENCE

22. As set forth above, the Trustee has communicated with Qualifacts' counsel regarding the Requested Records and Qualifacts has declined to produce the requested A/R Information absent a Court order with the protections for Patient Records set forth herein and in the attached Order. Accordingly it is necessary for the Trustee to file this Motion.

## NOTICE

23. Pursuant to Local Rule 2004-1(d), the Trustee will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) Qualifacts; and (c) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

**WHEREFORE**, the Trustee requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**: (i) directing Qualifacts to produce the Requested Records within 14 days of entry of the Order, or such other relief and such other date as may be agreed to by the Trustee; and (ii) granting such other relief as is just and proper.

Dated: October 18, 2022          **ASHBY & GEDDES, P.A.**

*/s/ Benjamin W. Keenan*
Ricardo Palacio (DE Bar No. 3765)
Benjamin W. Keenan (DE Bar No. 4724)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Fax: (302) 654-2067
Email(s): rpalacio@ashbygeddes.com
           bkeenan@ashbygeddes.com

*Counsel to Don A. Beskrone, as Chapter 7 Trustee*