# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| ) | |
| ) | |
| ) | Case No. 21-10723 (MFW) |
| ) | |
| CONNECTIONS COMMUNITY SUPPORT ) | Hearing Date: December 21, 2022, at 2:00 p.m. (ET) |
| PROGRAMS, INC., ) | Objection Deadline: December 14, 2022, at 4:00 p.m. (ET) |
| ) | |
| Debtor. ) | |
| ) | |

## MOTION OF SHARON A. WELSH, DDS
## FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE AND/OR DISCHARGE INJUNCTION, *NUNC PRO TUNC*

COMES NOW, Sharon Welsh, DDS ("Movant"), individually, by and through the undersigned counsel, Kate Butler, Esq., and hereby requests that this Court enter an order modifying the automatic stay imposed by 11 U.S.C. §§ 105(a), 362, 524, 1141 and 501 (hereinafter the "Bankruptcy Code"), FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001, and LOCAL RULE 4001-1 for an order lifting the automatic stay for the Movant, and further granting *nunc pro tunc* relief to November 8, 2022, of the stay imposed by § 362(a) and/or for a discharge injunction for the purpose of (i) liquidating the Movant's claims against the Debtors, and (ii) to proceed to collect, as appropriate, any award against all available insurance proceeds from any applicable policy. In support thereof, the Movant states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this case and this Motion is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §105(a), 362(d), Fed. R. Bankr. P. 4001(a) and 9014, and Del. Bankr. L.R. 4001-1 and 9013-1.

## BACKGROUND

4. On April 19, 2021, (the "Petition Date"), Debtors filed voluntary petitions for relief under 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code".)

5. Movant filed a Complaint in the United States District Court for the District of Delaware on November 8, 2022. **See Exhibit A**.

6. When Movant filed their Complaint, the Debtor was covered by a professional and general liability policy with Philadelphia Indemnity Insurance Company (Policy No. PHSD1392960 – ITEM 3(B) providing $1,000,000 in "claims made" coverage per occurrence. **See Exhibit B.**

7. On information and belief, the policy is applicable to the Movant's civil complaint and its proceeds are available to cover an award to the Movant for such claims. Movant agrees to limit her claims against the Debtor to the extent of the available per occurrence insurance coverage. There would be no prejudice to the estate or Debtor if the relief from stay is granted, therefore Movant requests that the automatic stay terminate regarding her individual claims so that the Movant is authorized to exercise her legal rights under applicable law as to damages and coverage.

## RELIEF REQUESTED AND REASONS THEREFORE

8. Movant requests from the automatic stay of 11 U.S.C. § 362(a), so that she may prosecute the Delaware Action to conclusion. Movant agrees to limit the individual recovery from the Debtor to available insurance proceeds.

9. Movant further requests that such order be granted *nunc pro tunc* as of November 8, 2022.

10. Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ...
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> A. the debtor does not have an equity in such property; and
>
> B. such property is not necessary to an effective reorganization.

11. "Generally, in the determination of cause, section 362(g) is interpreted as placing an initial burden on the moving party to establish its prima facie case which must then be rebutted by the party opposing such relief." *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.),* 141 B.R. 574, 577 (Bankr. D. Del. 1992). Plaintiff filed her timely rebuttal to CCSP's Position Statement on December 9, 2019.

12. As this Court has explained,

> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case."
>
> The legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."

*Rexene Prods.*, 141 B.R. at 576 (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

13. Courts conduct a "fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 857-58 (Bankr. D. Del. 2007). This Court has considered three factors when balancing the competing interests of debtor and movant:

   a. The prejudice to either the bankruptcy estate or the debtor that would result should the stay be lifted;

   b. Any hardships facing the movant and debtor should the stay be maintained; and

   c. The movant's probability of success if the stay is lifted.

*Santa Fe Minerals v. BEPCO. L.P.* (*In re 15375 Memorial Corp.*), 382 B.R. 652, 686 (Bankr. D. Del. 2008) (citing *In re Continental Airlines, Inc.,* 152 B.R. 420, 424 (D. Del. 1993)); *Rexene Prods.,* 141 B.R. at 576, rev'd on other grounds, 400 B.R. 420 (D. Del. 2009).

14. This Court, in the *Continental Airlines* decision referred to above, set forth the following framework for analyzing motions for relief from automatic stay:

> There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the Movants. In balancing the competing interests of the debtor and the Movants, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. See *Int'l Business Machines v. Fernstrom Storage & Van Co.* (*In re Fernstrom Storage & Van Co.*) 938 F. 2d 731, 734-37 (7th Cir. 1991).

*In Re Continental Airlines*, 152 B.R. at 424.

15. Application of the standards set forth in the case law here weighs in favor granting stay relief. There is manifest prejudice to the Movant if they are not permitted to pursue the Delaware Action against available insurance proceeds.

16. By contrast, there would be no prejudice to the Debtor if the automatic stay is lifted. Generally, "debtor-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." *In re 15375 Mem'l Corp.*, 382 B.R. 652, 690 (Bankr. D. Del. 2008).

17. Moreover, adjudication of Movant's claims in a commercial bankruptcy such as this would have no discernable effect on the administration of the Debtor's cases, particularly as the Movant has agreed to limit her recovery from the Debtor to available insurance. This is especially true given that the Debtor is liquidating its assets in a Chapter 7 case and not reorganizing under a Chapter 11 case.

18. On the balancing-of-the-hardships factor, Movant will face extreme hardship if the stay is not lifted. If the stay is not lifted, Movant may not be able to recover against Connections, or would recover a *de minimis* amount.

19. Further, additional delay compounds the significant hardship that the Movant has already endured. Among other things, Movant will suffer prejudice from delay due to the "lost time value of money," as well as "the lapse of time in terms of [her] ability to effectively prosecute [her] claims. Witnesses and documents may become unavailable." *In re 15375 Mem'l Corp.*, 382 B.R. at 690.

20. A lift of the stay will not jeopardize any estate assets, as it appears that Debtor would not have to expend any funds to defend the civil Complaint beyond what is already available through its self-insurance program.

21. If relief is not granted, Movant's hardship will be profound. On the other hand, if relief is granted, Debtor's hardship will be, at most, insignificant.

22. As to probability of success on the merits, this Court need not conduct a 'mini-trial' to determine the merits of the case, even in fairly complex cases. *In re Adelphia Commun. Corp.*, 285 B.R. 580, 595 (Bankr. S.D.N.Y. 2002) *vacated*, 298 B.R. 249 (S.D.N.Y. 2003) ("The fact that allegations have not been proven is more than a 'technical consideration [ ],' and this Court, like most bankruptcy courts, is ill-suited to conducting mini-trials on insureds' culpability incident to determining their entitlement to relief from stay on access to the D & O policy proceeds that were put in place, at least in part, to help them in litigation to determine that very issue."). Rather, this prong merely requires a showing that the cause of action has some merit.

## NOTICE/PRIOR REQUEST FOR RELIEF

23. Notice of this Motion is being provided to the United States Trustee pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

24. No prior request for the relief sought herein has been made.

25. Accordingly, Movant respectfully submits that they have satisfied all of the requirements of the *Rexene* analysis. Relief from the automatic stay should therefore be entered by the Court.

### Relief from the Automatic Stay Should Be *Nunc Pro Tunc* to the Filing of the Complaint.

26. Litigation against the Debtor commenced during the effective period of the automatic stay is void *ab initio*, not merely voidable. *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1198 (3rd Cir. 1991). Section 362(d), however, allows relief from the automatic stay to include an order "annulling" the stay. As such, this Court may grant relief retroactively to the date that the Movant's Federal Action, November 8, 2022. *In re Siciliano*, 13 F.3d 748, 750-51 (3rd Cir. 1994).

27. This case is appropriate for annulment of the automatic stay. Movant's understanding of the automatic stay was clouded by (1) post-petition communications from the Debtors' insurance carrier requesting case information to facilitate settlement discussions, and (2) post-petition communication in an unrelated case against the Debtors' successor indicating that the automatic stay was not applicable. Upon understanding the automatic stay was applicable, the Movant did nothing substantially or procedurally to blunt the impact of the automatic stay. Instead, they came to this Court to request relief. There are no circumstances which, if the Movant had been aware of the bankruptcy cases and sought relief from stay before filing the Complaint, would have led to a different result. In sum, the Debtor was unaffected by the filing of the State Actions during the pendency of the automatic stay.

## CONCLUSION

28. **WHEREFORE**, the Movant respectfully requests entry of an order, in substantially the form attached, (1) granting her relief from the automatic stay of 11 U.S.C. §362(a) to permit recovery from the applicable Debtor's insurance proceeds, along with any subsequent litigation as needed, (2) movant further requests that said Order be entered *nunc pro* tunc to November 8, 2022; and (3) grant such other and further relief as the Court deems appropriate.

Respectfully Submitted,

_____
Kate Butler (No. 6017)
Kate Butler Law LLC
1509 Gilpin Avenue, Suite 3
Wilmington, DE 19806
302-966-9994
kate@katebutlerlaw.com
*Attorney for Sharon A. Welsh, DDS*

Date: November 9, 2022