# IN THE UNITED STATES BANKRUPTY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., | Case No. 21-10723 (MFW) |
| Debtor.[1] | **Obj. Deadline: February 1, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: February 8, 2023 at 2:00 p.m. (ET)** |

**CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER
PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014 AND 2016
AND DEL. BANKR. L.R. 2014-1 AND 2016-2 (I) AUTHORIZING THE EMPLOYMENT
AND RETENTION OF GIOFFRE COMMERCIAL REALTY, LLC
AS REAL ESTATE BROKER AND (II) GRANTING WAIVER OF
DEL. BANKR. L.R. 2016-2(d) REQUIREMENTS**

Don A. Beskrone, solely as Chapter 7 Trustee ("Trustee") of the estate of Connections Community Support Programs, Inc. (the "Debtor" or "CCSP"), respectfully submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing, under and pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the employment and retention of Gioffre Commercial Realty, LLC (the "Gioffre" or the "Real Estate Broker") as a real estate broker to the Trustee, and (ii) requesting a waiver of certain requirements under Local Rule 2016-2(d) pursuant to Local Rule 2016-2(g). In support of this Application, attached hereto as **Exhibit B** is the declaration of Patrick Gioffre submitted in accordance with Fed. R. Bankr. P. 2014(a) and 2016(a). In further support of

---

[1] The Debtor in this chapter 7 case, along with the last four digits of its tax identification number, is as follows: Connections Community Support Programs, Inc. (3030).

this Application, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to Local Bankruptcy Rule 9013-1, the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the Parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

**A.  General Background**

5. On April 19, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Chapter 11 Case") under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

6. On May 3, 2021, the Office of the United States Trustee (the "OUST") appointed an Official Committee of Unsecured Creditors [D.I. 79].

7. On May 26, 2021, the Debtor filed its Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements") [D.I. 169 and D.I. 170, respectively]. On May 28, 2021, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a) and continued to an open date [D.I. 185].

8. On June 14, 2021, the Court entered the *Order (I) Authorizing the Assumption, Assignment, and Sale of Certain Assets to Conexio Care, Inc., Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Medication Assisted Treatment Asset Sale Order") [D.I. 245] and *Order (I) Authorizing the Assumption, Assignment, and Sale of Certain Assets to Conexio Care, Inc., Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Non-Medication Assisted Treatment Asset Sale Order", and together with the Medication Assisted Treatment Asset Sale Order, the "Conexio Sale Orders"), both of which effected a transfer of certain assets and operations of the Debtor to Conexio Care, Inc. ("Conexio") [D.I. 247]. Prior to closing, the Medication Assisted Treatment transaction was assigned by Conexio to its wholly-owned subsidiary, which purchased the associated Medication Assisted Treatment assets from the Debtor. These sales, as reflected in the Conexio Sales Orders, represented the disposition of a significant portion, but not all, of the Debtor's assets.

9. On September 27, 2021, the Debtor filed a *Motion to Convert Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [D.I. 466]. The Court entered an Order (the "Conversion Order") converting this case (the "Case") on September 27, 2021 (the "Conversion Date"). S*ee* D.I. 537.

10. On September 27, 2021, the OUST for the District of Delaware appointed Don A. Beskrone to serve as the Interim Chapter 7 Trustee in this Case [D.I 538]. On December 22, 2021, a meeting of creditors as required by 11 U.S.C. § 341 was held and concluded. Mr. Beskrone thus serves as the Trustee of the Debtor and its estate under 11 U.S.C. § 702(d).

### B. The Debtor's Remaining Real Property Interests

11. As reflected above, the sales to Conexio effected the disposition of substantially all of the Debtor's assets, including various real estate interests. However, the sale did not dispose completely of all of the Debtors' real property. As reflected in the Schedules and Statements, a handful of property interests remain and the Trustee now seeks to liquidate those interests (collectively, the "Properties"). The Properties are as follows:

   a. 507 W. 9th Street, Wilmington, Delaware;

   b. 708 and 710 West Street, Wilmington, Delaware (subject to Ground Lease);[2]

   c. 801 West Street, Wilmington, Delaware (subject to Ground Lease);

   d. 816 West Street, Wilmington, Delaware (subject to Ground Lease);

   e. 820 and 822 West Street, Wilmington, Delaware (subject to Ground Lease); and

   f. 600 E. Ninth Street, Wilmington, Delaware.

12. The Trustee intends to sell and liquidate the Properties for the benefit of creditors, and seeks to retain the Real Estate Broker to facilitate those efforts.

### Relief Requested

13. By this Application, the Trustee respectfully requests the entry of an Order pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014 and 2016 and Del. Bankr. L.R. 2014-1 and 2016-2 authorizing the Trustee to employ and retain (i) Gioffre Commercial Realty, LLC as the real estate broker for the sale of the Properties. The Trustee requests that the Court approve this Application retroactive to the date that is thirty (30) days prior to the filing of the Application.

---

[2] Pursuant to that certain Ground Lease, effective as of July 28, 2020 (the "Ground Lease"), the Debtor, as landlord, leases certain real property to Quaker Arts LLC, as tenant. A true and correct copy of the Ground Lease is attached hereto as **Exhibit C**.

**Basis for Relief Requested**

14. The Trustee is liquidating the assets of the estate for the benefit of its creditors and of the estate, including the Properties. The Trustee believes that it is in the best interest of the estate and its creditors to retain Gioffre to assist in the marketing, rental and sale of the Properties.

15. The Trustee seeks approval to retain Gioffre due to its substantial experience in handling real estate matters, and belief that retention of the Gioffre will maximize the sale price of the Properties to the benefit of the estate.

16. Gioffre is a well-established real estate company in Delaware. It has 3 full time agents, and has been an licensed brokerage since 2014. Gioffre has a wealth of expertise in selling residential and commercial real estate, including real property interests similar to the Properties.

17. The Trustee believes that Gioffre is well-qualified to help sell the Properties and that Gioffre's services are necessary to enable the Trustee to efficiently handle the sale of such Properties to maximize the value to the Debtor's estate.

18. The Trustee has retained Gioffre, subject to this Court's approval, pursuant to the terms and conditions of the listing agreement dated January 11, 2023 (relating to all the Properties) (the "**Listing Agreement**"). A true and correct copy of the Listing Agreement is attached hereto as **Exhibit D.**

19. Under the terms of the Listing Agreement, Gioffre shall have the exclusive right to sell the Properties through the termination of the Listing Agreement – that is, one year following its execution.

20. Services to be rendered: Gioffre will provide professional services to the Trustee in connection with the Properties including, *inter alia,* the following:

    a. Advertise and market the Properties;

    b. Show the Properties to prospective buyers; and

    c. Assist in the negotiation, coordination, and close of any sale transaction involving the Properties.

21. Professional Compensation: Upon the sale of Property by Gioffre, the Trustee or any other party, a sale commission of five percent (5%) of the sale price shall be payable to the Real Estate Broker. If any Property is sold with a cooperating broker, including agents within Gioffre Commercial Realty, LLC (other than the listing agent identified as Patrick Gioffre), there will be a one percent (1%) override fee for a total of six percent (6%) with the fee being split evenly. Pursuant to the Listing Agreement, and consistent with the above, Gioffre is authorized to offer cooperation and compensation to other subagents and buyer's agents.

22. Gioffre is disinterested and does not hold or represent an interest adverse to the estate.

    a. Gioffre has informed the Trustee that except as set forth below and as may be set forth in the Declaration of Patrick Gioffre (attached hereto as **Exhibit B**), it does not hold any interest adverse to the Debtor's estate, and believes it is a "disinterested person" as defined within Section 101(14) of the Bankruptcy Code.

    b. Gioffre has indicated that it has not represented, and will not represent, any creditor or other parties in interest in any matter relating to the Debtor's estate.

**Request for Waiver of Timekeeping Requirements**

23. The Trustee seeks a waiver of the application and information requirements of Local Rule 2016-2(d) since the Real Estate Broker seeks compensation on a percentage fee basis. These fees are customary for the services provided Gioffre in the ordinary course of business and in the real estate industry. As such, submission of detailed time entry is unnecessary and would be unduly burdensome to the Real Estate Broker. Accordingly, the Trustee requests that the requirements of Local Rule 2016-2(d) be modified pursuant to Local Rule 2016-2(g). The Trustee further requests that the Real Estate Broker be authorized to submit a final fee application that sets forth: (i) the compensation requested, and (ii) the services rendered and a summary of the basis for the fee earned.

**Notice**

24. The Trustee will serve notice of this Application upon the Office of the United States Trustee and those parties requesting notice pursuant to Bankruptcy Rule 2002.

**No Prior Request**

25. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) authorizing the employment and retention of Gioffre Commercial Realty, LLC; (ii) granting such relief retroactive to the date that is thirty (30) days prior to the filing of this Application; and (iii) and granting such other and further relief as the Court may deem just and proper.

Dated: January 11, 2023                **ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email: RPalacio@ashbygeddes.com

*Counsel to Don A. Beskrone, Chapter 7 Trustee*