# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC.,<br><br>Debtor.[1] | Chapter 7<br><br>Case No. 21-10723 (MFW) |
| DON A. BESKRONE, solely as Chapter 7 Trustee of Connections Community Support Programs, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>AMERIHEALTH CARITAS DELAWARE, INC.,<br><br>Defendant. | Adv. Proc. No. _____ (MFW) |

## COMPLAINT

Plaintiff Don A. Beskrone, solely in his capacity as chapter 7 trustee (the "Trustee") for the estate of Connections Community Support Programs, Inc. (the "Debtor"), by and through his undersigned counsel, hereby avers for his complaint against AmeriHealth Caritas Delaware, Inc. ("AmeriHealth" or "Defendant"), upon knowledge as to his own actions and upon information and belief as to the actions of others, as follows:

---

[1] The Debtor in this chapter 7 case, along with the last four digits of its tax identification number, is as follows: Connections Community Support Programs, Inc. (3030).

{01879794;v1 }

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders with respect to the relief sought herein.

3. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

4. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

5. The Trustee is the duly appointed Chapter 7 Trustee for the Debtor and the Debtor's estate.

6. Upon information and belief, AmeriHealth is, and at all relevant times was, a Delaware corporation. Upon information and belief, AmeriHealth is a managed care organization that is responsible for providing or arranging for the provision of health care services to its members.

7. Upon information and belief, AmeriHealth has a mailing address of 220 Continental Drive, Suite 300, Newark, DE 19713. Upon further information and belief, service of legal process may be made upon AmeriHealth's registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

### A. The Bankruptcy Case.

8. On April 19, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Chapter 11 Case") under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

9. On May 3, 2021, the Office of the United States Trustee (the "OUST") appointed an Official Committee of Unsecured Creditors [D.I. 79].

10. On May 26, 2021, the Debtor filed its Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements") [D.I. 169 and D.I. 170, respectively]. On May 28, 2021, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a) and continued to an open date [D.I. 185].

11. On June 14, 2021, the Court entered the *Order (I) Authorizing the Assumption, Assignment, and Sale of Certain Assets to Conexio Care, Inc., Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Medication Assisted Treatment Asset Sale Order") [D.I. 245] and *Order (I) Authorizing the Assumption, Assignment, and Sale of Certain Assets to Conexio Care, Inc., Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Non-Medication Assisted Treatment Asset Sale Order", and together with the Medication Assisted Treatment Asset Sale Order, the "Conexio Sale Orders"), both of which effected a transfer of certain assets and operations of the Debtor to Conexio Care, Inc. ("Conexio") [D.I. 247]. Prior to closing, the Medication Assisted Treatment transaction was assigned by Conexio to its wholly-owned subsidiary, which purchased the associated Medication Assisted Treatment assets from the Debtor. These sales, as reflected in the Conexio Sales Orders, represented the disposition of a

significant portion, but not all, of the Debtor's assets, and accounts receivable remain an asset of the Debtor's estate.

12. On September 27, 2021, the Debtor filed a *Motion to Convert Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [D.I. 466]. The Court entered an Order (the "Conversion Order") converting this case (the "Case") on September 27, 2021 (the "Conversion Date"). S*ee* D.I. 537.

13. On September 27, 2021, the OUST for the District of Delaware appointed Don A. Beskrone to serve as the Interim Chapter 7 Trustee in this Case [D.I 538]. On December 22, 2021, a meeting of creditors as required by 11 U.S.C. § 341 was held and concluded. Mr. Beskrone thus serves as the Trustee of the Debtor and its estate under 11 U.S.C. § 702(d).

14. Following his appointment, the Trustee undertook an investigation into, among other things, the Debtor's business and financial affairs, and this Complaint is a result thereof.

### B. The Ancillary Services Agreement with AmeriHealth.

15. Effective January 1, 2018, the Debtor, Connections Community Support Programs, Inc., on the one hand, and AmeriHealth, on the other hand (the Debtor and AmeriHealth, the "Parties"), entered into that certain Ancillary Services Agreement (the "Agreement"). Pursuant to the Agreement, the Debtor provided individual and group behavioral health counseling services to certain eligible individuals enrolled with AmeriHealth (*i.e.*, AmeriHealth's members) and the Debtor was to be compensated by AmeriHealth for the provision of such services consistent with the terms and conditions of the Agreement. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

16. Specifically, the Agreement provides that the Debtor (defined as "Provider" in the Agreement), shall provide AmeriHealth's members "Covered Services" as described in Appendix A of the Agreement. "Covered Services" is defined in the Agreement as:

> Those Medically Necessary health care services and supplies to which Members are entitled pursuant to the Agency Contract, and which shall be provided to Members by Provider, as described more specifically in Appendix A. Covered Services shall be furnished in the amount, duration and scope required under the Program.

*See* Agreement, § 1.5.

17. Upon information and belief, the Covered Services provided by the Debtor to AmeriHealth members were Medicaid covered services.

18. As a Medicaid contracted managed care organization, and consistent with the terms of the Agreement, AmeriHealth was required to provide Medicaid covered services to its members. *See* Agreement, § 3.1. AmeriHealth did so through the Debtor, and the Debtor did, in fact, provide actual Medicaid covered services to AmeriHealth's members.

19. AmeriHealth received statements from the Debtor on account of the services provided by the Debtor under the Agreement. Despite the provision of such statements, and despite receiving the benefits of the services provided by the Debtor, AmeriHealth has refused or failed to pay for certain services rendered.

20. Upon information and belief, AmeriHealth has disputed (and continues to dispute) any obligation to pay based on its contention that certain billing codes used by the Debtor to identify and bill the Covered Services are not on AmeriHealth's fee schedule and, thus, are not billable under the Agreement.

21. The particular codes at issue are commonly referred to as "H" codes, and are part of a collection of standardized codes that represent medical procedures, supplies, products and

services (commonly known as "HCPCS" codes).[2] The HCPCS codes are used to facilitate the processing of health insurance claims by Medicare and other insurers. The particular codes utilized by the Debtor – and which have been rejected by Amerihealth – are HCPCS codes H0004 and H0005. Upon information and belief, representatives of both Medicaid and the United States Department of Justice instructed the Debtor to use these particular HCPCS codes in its provision of services. And the Debtor did so.

22. As a Medicaid contracted managed care organization, and under the terms of the Agreement, AmeriHealth must provide and pay for *all* Medicaid covered services, to wit, the "Covered Services". Despite this obligation, AmeriHealth has failed to pay what is owed to the Debtor under the Agreement for the services it provided.

23. During this bankruptcy case and prior to conversion of the case to one under chapter 7, the Debtor made demand upon AmeriHealth for payment. AmeriHealth, through its counsel, also received supporting documentation and information (detailed in an Excel spreadsheet (the "Detailed Spreadsheet")) from the Debtor and the Trustee regarding the statements and amounts due and owing the Debtor.[3] And despite that additional documentation and information, AmeriHealth has not paid the amounts owed to the Debtor under and as required by the Agreement.

24. Despite receiving the benefit of the rendered (and agreed-upon) Covered Services from the Debtor, AmeriHealth has failed to make full payment of what is owed the Debtor.

25. Based upon the Debtor's books and records, AmeriHealth owes the Debtor and its estate no less than $954,584.00, net of prior payments and/or advances, for the services rendered

---

[2] "HPCPS" refers to Healthcare Common Procedure Coding System.

[3] Due to its voluminous nature, and because it contains confidential pricing information, the Detailed Spreadsheet has not been attached as an exhibit to this Complaint. AmeriHealth or its counsel has been provided a copy of the spreadsheet.

by the Debtor to or for the benefit of AmeriHealth and its members under and pursuant to the Agreement.

## CLAIM FOR RELIEF

### Count I
### (Breach of Contract)

26. The Trustee incorporates paragraphs 1 through 25 as if fully set forth herein.

27. AmeriHealth agreed that the Debtor would provide services to or for the benefit of AmeriHealth and its members. As consideration therefor, AmeriHealth agreed to compensate the Debtor for the provision of such services consistent with the terms of the Agreement.

28. AmeriHealth and/or its members received the agreed-upon services from the Debtor.

29. Despite receiving statements for the services provided, and despite the provision of additional supporting information and documentation (including the Detailed Statement), AmeriHealth has not paid what is owed to the Debtor under the terms of the Agreement.

30. AmeriHealth's failure or refusal to pay the amount owed to the Debtor is a breach of the Agreement.

31. The Debtor and its estate has been damaged by Defendant's failure to pay for the rendered services in an amount of no less than $954,584.00.

### COUNT II
### (Unjust enrichment)

32. The Trustee incorporates paragraphs 1 through 31 as if fully set forth herein.

33. Between the dates of July 2020 and June 2021, Debtor provided services (*i.e.*, the "Covered Services") to or for the benefit of AmeriHealth or its members, and AmeriHealth and/or its members received, accepted and benefited from such services.

34. The fair and reasonable value of the services performed by the Debtor to or for the benefit of AmeriHealth or its members is no less than $954,584.00.

35. AmeriHealth knew or should have known the Debtor provided the Covered Services to AmeriHealth and/or its members – including those for which the Debtor has not been paid -- and accepted the provision thereof.

36. AmeriHealth knew or should have known that it was expected to pay the fair and reasonable value of the services provided by the Debtor.

37. AmeriHealth has knowingly and unreasonably failed to pay for the services.

38. If AmeriHealth is not required to pay Plaintiff for the services, AmeriHealth will be unjustly enriched in an amount no less than $954,584.00.

## **PRAYER FOR RELIEF**

**WHEREFORE** the Trustee, on behalf of the Debtor's estate, requests that the Bankruptcy Court enter judgment in his favor and against AmeriHealth awarding no less than $954,584.00 plus pre- and post-judgment interest and such other and further relief as the Bankruptcy Court deems just and proper.

| | |
|---|---|
| Dated: February 17, 2023 | **ASHBY & GEDDES, P.A.** |
| | */s/ Ricardo Palacio* |
| | Ricardo Palacio (DE Bar No. 3765) |
| | 500 Delaware Avenue, 8th Floor |
| | P.O. Box 1150 |
| | Wilmington, Delaware 19899 |
| | Tel: (302) 654-1888 |
| | Fax: (302) 654-2067 |
| | Email: rpalacio@ashbygeddes.com |
| | |
| | *Counsel for Don A. Beskrone, Chapter 7 Trustee of Connections Community Support Programs, Inc.* |